S00A1501. CHAPMAN v. THE STATE.
(541 SE2d 634)

BENHAM, Chief Justice.

In a case in which the State sought the death penalty, appellant Ed Lee Chapman was convicted of two counts of felony murder,

---

armed robbery, and possession of a firearm during the commission of a felony in connection with the deaths of Ruby Lum Wong and her son, Phillip Wong. In the penalty phase of the trial, the jury recommended and fixed life imprisonment as the penalty.[1]

The State presented evidence that Ruby Wong was shot in the face and shoulder and Phillip Wong was shot in the abdomen during an armed robbery of their neighborhood grocery store. Both victims died from their wounds. The fatal shots were fired by a gun stipulated to be owned by appellant, and appellant was identified by a witness as the person he saw fleeing the store with an armed Mr. Wong in pursuit. Appellant, found unconscious and bleeding from gunshot wounds at the end of a blood trail that led from the store, had four checks made out to the grocery store and 44 one-dollar bills in his zipped pocket. His bicycle was found at the store's entrance. While in the hospital, appellant executed two waiver of rights forms and gave two tape-recorded statements to investigating authorities. In those statements, appellant admitted entering the store, announcing his intent to rob the owners, taking money from the cash register, and shooting the owners when they resisted. At trial, appellant testified that he used a gun to rob the store owners in order to get money to feed his crack cocaine addiction, and that Ms. Wong had been shot in a struggle for appellant's weapon. Appellant stated he shot Mr. Wong after Mr. Wong had shot him.

1. The evidence was sufficient to authorize a rational trier of fact to conclude that appellant was guilty of felony murder, armed robbery, and possession of a firearm during the commission of a crime. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends he is entitled to a new trial because his trial counsel did not provide him with effective assistance of counsel. In order to prevail on a claim of ineffective assistance of counsel, a criminal defendant must show that counsel's performance was deficient and that the deficient performance so prejudiced the client that there is a reasonable likelihood that, but for counsel's errors, the out-

---

[1] The crimes were committed on February 19, 1991, and appellant, age 17, was arrested the same day. He was indicted for malice murder, felony murder, armed robbery and the firearm possession charge on May 14, 1991, and the District Attorney filed notice of intent to seek the death penalty on May 21, 1991. The trial took place December 1-4 and 6-9, 1993, and concluded with the jury's return of its verdicts. The jury found the existence of several statutory aggravating circumstances, and recommended life imprisonment as the penalty. On December 23, 1993, the trial court filed the sentences it imposed: three consecutive sentences of life imprisonment, followed by a five-year term of imprisonment on the possession conviction. In November 1998, appellant's motion for out-of-time appeal was granted, and a hearing on his motion for new trial was held in May 1999. The trial court denied the motion for new trial in an order entered on May 19, 1999. A notice of appeal was filed May 28, 1999, and the record was docketed in this Court on May 24, 2000. The case was submitted for decision on the briefs.

come of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Smith v. Francis*, 253 Ga. 782 (1) (325 SE2d 362) (1985). The criminal defendant must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct. *Mobley v. State*, 271 Ga. 577 (523 SE2d 9) (1999). The trial court's determination with respect to effective assistance of counsel will be affirmed unless the trial court's findings are clearly erroneous. *Johnson v. State*, 266 Ga. 380, 383 (467 SE2d 542) (1996).

Appellant maintains that, despite appellant's entry of a plea of not guilty and his desire to seek a verdict of not guilty, trial counsel pursued a strategy to obtain a guilty but mentally ill verdict, thereby requiring appellant to give false testimony in which he admitted he had committed the crimes.[2] At the hearing on the motion for new trial, trial counsel testified he had been practicing in the Augusta Judicial Circuit for 27 years, that appellant's case was the twelfth capital case he had handled, and that he had written papers and had been an instructor at professional seminars on defending death penalty cases. Trial counsel testified he and appellant had disagreed at their initial meeting over the strategy to be employed, with appellant wishing to tell the jury that he had not participated in the armed robbery and murders, that it was not his voice confessing on the audiotapes, and that the person who had committed the crimes had planted the fruits of the armed robbery on him. Counsel testified that, after he had explained to appellant why it was best to do as counsel suggested, "there was no disagreement after that." Trial counsel knew appellant's proposed version was untrue[3] and believed presentation of it would have "offended the intelligence of the jury" and "cost the lawyers all of their credibility with the jury," resulting, in all likelihood, with the return of a death sentence. Instead, counsel, having found mitigating factors during the investigation of the case, chose to use the guilt-innocence phase of the trial "as one long sentencing phase . . . to portray [appellant] as a victim of his addiction" and use that and his low intellectual level "to save his life if we

---

[2] The trial transcript reflects that, after the jury retired to deliberate, appellant stated he had no objections that he could think of regarding the manner in which trial counsel had conducted his defense. After the jury returned its verdicts in the guilt-innocence phase and prior to the beginning of the penalty phase, appellant informed the trial court that he was unhappy with trial counsel's closing argument in which he had asked the jury to return a verdict of guilty but mentally ill rather than a verdict of not guilty.

[3] [C]ounsel's duty of loyalty and his "overreaching duty to advocate the defendant's cause" [cit.] . . . is limited to legitimate, lawful conduct compatible with the very nature of a trial as a search for truth . . . [and] counsel is precluded from taking steps or in any way assisting the client in presenting false evidence or otherwise violating the law.

*Nix v. Whiteside*, 475 U. S. 157, 166 (106 SC 988, 89 LE2d 123) (1986).

could."

According to the American Bar Association's Standards for Criminal Justice, endorsed by this Court in *Reid v. State*, 235 Ga. 378, 379 (219 SE2d 740) (1975), and *Van Alstine v. State*, 263 Ga. 1, 2-3 (426 SE2d 360) (1993),

> decisions which are to be made by the accused after full consultation with counsel are: (i) what plea to enter; (ii) whether to waive jury trial; (and) (iii) whether to testify. . . . [W]hat trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with [the] client.

Where, as here, the evidence of guilt in a death penalty case is overwhelming, the avoidance of a death sentence is a legitimate trial strategy. See, e.g., *State v. Hunt*, 580 NW2d 110, 114 (Neb. 1998); *Covington v. State*, 754 SW2d 726 (Tex. App. 1988). See also *People v. Jones*, 579 NE2d 829 (Ill. 1991); *Hodges v. State*, 2000 Tenn. Crim. App. LEXIS 810 (2000); *Commonwealth v. Tolbert*, 299 A2d 252 (Pa. 1973), in which the appellate courts held that an attorney's strategy to avoid a death sentence by entering a guilty plea was a trial tactic which generally will not support a claim of ineffective assistance of counsel. Trial counsel's "pursuit of a guilty but mentally ill verdict conformed to a reasonable pattern of trial strategy and advocacy by one familiar with the intricacies of a death penalty case" and "was integral to a trial scheme to avoid a death sentence where evidence of guilt of [the] murder[s] was overwhelming and legitimate factual defenses were non-existent." *Bell v. Evatt*, 72 F3d 421, 429-430 (4th Cir. 1995). Since appellant did not establish that trial counsel's performance was deficient, he did not satisfy the first prong of *Strickland v. Washington*, supra, and the trial court did not err in denying his motion for new trial based on ineffective assistance of trial counsel.

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 22, 2001.

*Ellis R. Garnett*, for appellant.
*Daniel J. Craig, District Attorney, Charles R. Sheppard, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Adam M. Hames, Assistant Attorney General*, for appellee.