A06A0024. MARION v. THE STATE.
(623 SE2d 739)

PHIPPS, Judge.

Alexis Marion was convicted of two counts of residential burglary. After the state showed at sentencing that Marion had three prior felony convictions, he was sentenced as a recidivist to twenty years imprisonment pursuant to OCGA § 17-10-7 (c). Marion now appeals, challenging the sufficiency of fingerprint evidence to support his convictions. Finding the evidence sufficient, we affirm.

The state's evidence showed that a house owned by Carlas Carter in Columbus was broken into on October 19, 2002, and that a nearby house owned by Gregory Kirkman was broken into on November 6. Both Carter and Kirkman determined that the break-ins occurred in the afternoon. Entry into the houses was obtained through either a bathroom or bedroom window. Jewelry and electronic equipment

---

were taken. Latent fingerprints taken from both crime scenes were identified as Marion's. Both Carter and Kirkman testified that they did not know Marion and that he did not have permission to enter their houses. In addition, similar transaction evidence was introduced showing that Marion had been convicted of a series of ten burglaries in Columbus in February and March 1996. Those were also daytime burglaries in which entry was gained into residences through windows, and jewelry and electronic equipment were taken.

In challenging the sufficiency of the evidence, Marion relies on *Barnett v. State.*[1] The rule laid down in *Barnett* is that "[t]o warrant a conviction based solely on fingerprint evidence, the fingerprints corresponding to those of the defendant must have been found in the place where the crime was committed, and under such circumstances that they could only have been impressed at the time when the crime was committed."[2] In *Barnett*, the defendant's convictions were reversed because fingerprints were the sole evidence which linked him to the crime, and the defendant took the stand at his trial and offered an explanation, corroborated by the testimony of another witness, of how he could have innocently left his fingerprints at the crime scene.[3] In contrast, in this case, as in such cases as *Tyler v. State*[4] and *Kier v. State*,[5] there was no evidence to explain how the defendant's fingerprints could have been left at the crime scenes at a time other than when the crimes were committed. Moreover, in this case, as in *Ross v. State*,[6] evidence was admitted showing the defendant's prior commission of strikingly similar crimes. Under the standard set forth in *Jackson v. Virginia*,[7] the evidence was sufficient to authorize any rational trier of fact to find Marion guilty of the two counts of burglary beyond a reasonable doubt.

*Judgment affirmed. Ruffin, C. J., and Smith, P. J., concur.*

DECIDED NOVEMBER 23, 2005.

*Hagler, Hyles & Adams, Clark C. Adams, Jr.,* for appellant.

---

[1] 153 Ga. App. 430 (265 SE2d 348) (1980).
[2] Id. at 430-431 (1) (citations omitted).
[3] Id. at 431 (2).
[4] 198 Ga. App. 685, 687 (2) (402 SE2d 780) (1991).
[5] 220 Ga. App. 649 (469 SE2d 851) (1996).
[6] 199 Ga. App. 767 (1) (406 SE2d 101) (1991).
[7] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*J. Gray Conger, District Attorney, Crawford L. Seals, Assistant District Attorney*, for appellee.