A10A0323. HENDERSON v. THE STATE.
(695 SE2d 334)

SMITH, Presiding Judge.

Timothy Jamal Henderson was indicted by a Gwinnett County grand jury for armed robbery, aggravated assault, possession of a firearm by a convicted felon, and two counts of possession of a firearm during the commission of a felony. A jury acquitted him of armed robbery and one count of possession of a firearm during the commission of a felony, while finding him guilty of aggravated assault, one count of possession of a firearm during the commission of a felony, and possession of a firearm by a convicted felon. Henderson's amended motion for new trial was denied, and he appeals. Finding no error, we affirm.

1. In three enumerations of error, Henderson complains of ineffective assistance of trial counsel.

> In order to establish ineffectiveness of trial counsel, appellant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. There is a strong presumption that the performance of trial counsel falls within the wide range of reasonable professional assistance. The reasonableness of the conduct is viewed at the time of trial and under the circumstances of the case. In reviewing a lower court's determination of a claim of ineffective assistance of counsel, we give deference to the trial court's factual findings, which are upheld on appeal unless clearly erroneous; however, we review the lower court's legal conclusions de novo.

(Citations and punctuation omitted.) *Williams v. State,* 277 Ga. 853,

---

[2] *Harris v. State,* 295 Ga. App. 727 (673 SE2d 76) (2009).

857 (6) (596 SE2d 597) (2004).

(a) Henderson complains that his trial counsel failed to object to an answer given by an investigating officer during cross-examination. Henderson's trial counsel questioned the officer regarding physical evidence that was recovered at the scene, including a bullet, shell casings, a live round and a holster. Referring to a bullet that was recovered from the carpet, trial counsel asked, "Do you have any information that returns to Mr. Henderson with regard to that bullet? I mean you don't have anything that puts him in ever being in possession of it, do you?" The officer responded, "Other than the witness statements, no — or the victim's statement, no." Counsel asked, "Okay. No physical evidence, though?" and the officer responded. "Correct." Trial counsel went on to establish that nothing linked Mr. Henderson to the live round, the two shell casings, or the holster.

Henderson contends that the officer's initial response, "other than the witness statements," was hearsay and falsely suggested that Henderson was identified by someone other than the victim. He alleges ineffectiveness in Henderson's failure to object. But Henderson's trial counsel testified at the hearing on the motion for new trial that he believed the officer simply misspoke and corrected himself, because no eyewitness other than the victim testified at trial and no witness statement was ever introduced. Asked if his decision not to object was a trial strategy, he added, "I thought he had corrected himself, and there was no need to draw attention to it."

An "attorney's decisions on how to conduct cross-examinations and which defenses to pursue are matters of trial tactics that do not amount to ineffective assistance of counsel." (Citation, punctuation and footnote omitted.) *Johnson v. State*, 290 Ga. App. 255, 258 (1) (c) (659 SE2d 638) (2008). Trial counsel's conclusion that the officer had simply misspoken and corrected himself, and that he did not wish to draw attention to the answer by objecting, was a matter of trial tactics, and Henderson has not demonstrated that it was patently unreasonable so as to constitute ineffective assistance.

(b) In his second enumeration of error, Henderson complains of the prosecutor's statement during closing argument that, "some [individuals] were outside when they [police] got there, and clearly they didn't see anything because they were outside the bar; and the ones that were inside clearly, obviously didn't say that they had seen anything either. At least that's what the officer testified to." Henderson contends that this argument assumes facts not in evidence — that the occupants of the bar told the officers that they did not see anything — and that this undercut Henderson's trial strategy to attack the prosecution by pointing out that the State failed to present the testimony of any of the people who were inside the bar

when the victim was shot.

"The wide latitude afforded a prosecutor in conducting closing argument encompasses the prosecutor's ability to argue reasonable inferences raised by the evidence. [Cit.]" *Winfrey v. State*, 286 Ga. App. 718, 723 (6) (a) (650 SE2d 262) (2007). The prosecutor was responding to Henderson's counsel's earlier argument that the State had failed to present testimony from any of the other occupants of the bar. Some evidence was presented suggesting that the officers interviewed at least one individual inside the bar — the owner — although he did not testify, and Henderson's counsel successfully objected to any testimony from the officer as to what the owner told him. And an officer testified that "there were no other potential eyewitnesses to the shooting."

The prosecutor was entitled to draw the inference from the officers' testimony that nobody inside the bar saw anything — or would admit to seeing anything. The prosecutor went on to acknowledge that the police did not do a thorough job of investigating and developing the evidence in the case. "[T]he prosecutor's attempts to discredit certain contentions of defense counsel do not justify the grant of a new trial. [Cits.]" *Thomas v. State*, 268 Ga. 135, 137 (4) (485 SE2d 783) (1997).

> Under these circumstances, the trial court's determination that [the defendant] received effective assistance of counsel was not clearly erroneous. This is particularly true where, as here, the jury acquitted the defendant of several offenses charged in the indictment, which strongly supports the conclusion that the assistance actually rendered by defendant's trial counsel fell within that broad range of reasonably effective assistance which members of the bar in good standing are presumed to render.

(Citations and punctuation omitted.) *Jackson v. State*, 281 Ga. App. 506, 510-511 (3) (636 SE2d 694) (2006).

(c) In his third enumeration of error, Henderson asserts ineffective assistance of trial counsel in failing to assert a defense of justification. Henderson testified at the motion for new trial that the victim approached him about some money that Henderson owed him, that Henderson observed several of the victim's friends nearby, and that he felt threatened by the way the victim approached him. Henderson drew his firearm, the victim grabbed the gun, and the gun "went off," striking the victim, after which Henderson shot the victim a second time because Henderson thought "he was fixing to reach for his gun." Henderson contends that he insisted that trial counsel assert the defense, but counsel refused. He contended that

he did not testify at trial because of "the way he presented my case, that's why I didn't testify, because I feared he didn't have my best interest, within, you know what I'm saying, trial that day."

Henderson's appellate counsel called his trial counsel as a witness at the hearing on his motion for new trial, and counsel testified regarding the alleged failure to object to questions and argument raised in Divisions 1 (a) and (b). However, when Henderson's appellate counsel began to question trial counsel regarding his communications with Henderson during preparation for trial, trial counsel responded, "Just for the record, I want to make clear that any attorney-client privilege is waived at this point?" Appellate counsel then questioned Henderson, who stated that he would not waive the privilege. Appellate counsel did not object or ask the trial court for a ruling on the waiver of the privilege due to Henderson's allegations of ineffective assistance. See *Spivey v. State*, 193 Ga. App. 127, 130 (3) (386 SE2d 868) (1989) ("trial court incorrectly ruled that defendant had not waived his attorney/client privilege by calling into question his attorney's competence. [Cits.]"). Appellate counsel simply acquiesced in Henderson's refusal and excused the witness without any further questions.

> The determination as to which defense witnesses will be called is a matter of trial strategy and tactics. Trial strategy and tactics do not equate with ineffective assistance of counsel. Effectiveness is not judged by hindsight or by the result. Although another lawyer may have conducted the defense in a different manner and taken another course of action, the fact that defendant and his present counsel disagree with the decisions made by trial counsel does not require a finding that defendant's original representation was inadequate. The defendant must overcome the strong presumption that counsel's conduct falls within the broad range of reasonable professional conduct.

(Citations and punctuation omitted.) *Cauley v. State*, 203 Ga. App. 299, 301 (2) (416 SE2d 575) (1992). "The burden is on the defendant to establish his claim of ineffective assistance of counsel." Id.

Because Henderson's "claim of ineffective assistance relates to strategic matters outside of the trial record, i.e., counsel's theory of the case, trial counsel's testimony is required to evaluate the claim." (Citation, punctuation and footnote omitted.) *Walker v. State*, 298 Ga. App. 265, 269 (3) (679 SE2d 814) (2009). "[W]ithout trial counsel's testimony, his actions are presumed strategic." (Citations, punctuation and footnote omitted.) Id. "In the absence of contrary evidence, defense counsel's actions are presumed to be part of trial

strategy. [Cits.]" *Thomas v. State*, supra, 268 Ga. at 139 (12).

Here, Henderson called trial counsel to testify with regard to other matters, but as to the claim regarding his desire to assert a claim of self-defense or justification, Henderson refused to waive his attorney-client privilege. By his own actions, he foreclosed the necessary inquiry into the reasons for trial counsel's decision. Appellate counsel did not contest this decision, thus preventing a ruling on the validity of Henderson's refusal to waive the privilege after questioning his trial counsel's competence. "[O]ne cannot complain of a result he procured or aided in causing, and induced error is not an appropriate basis for claiming prejudice." (Citations and punctuation omitted.) *Daniels v. State*, 296 Ga. App. 795, 797 (2) (676 SE2d 13) (2009) (defendant refused to cooperate with counsel). Because trial counsel's actions are presumed strategic, Henderson has failed to demonstrate that his counsel was ineffective in declining to pursue a justification defense.

2. In his remaining enumeration of error, Henderson contends that the evidence was insufficient to convict him of possession of a firearm by a convicted felon. The State tendered a certified copy of a 2006 guilty plea and conviction of "Timothy Jamal Henderson" for terroristic threats, which was admitted without objection. Henderson contends the State failed to prove that he was the same "Timothy Jamal Henderson," even though he *acknowledges* that his birthdate and social security number appear on the certified copy of the earlier conviction. But Henderson "presented no evidence contradicting that he was the person named in the [2006] documents. Concordance of name alone is some evidence of identity. OCGA § 24-4-40 (a)." (Punctuation omitted.) *Lewis v. State*, 234 Ga. App. 873, 877 (4) (508 SE2d 218) (1998). In the absence of any denial by Henderson and with no countervailing evidence, the concordance of name is sufficient evidence that Henderson and the man convicted in 2006 are the same person. Id. at 877-878. The evidence was sufficient to support Henderson's conviction for possession of a firearm by a convicted felon.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED MAY 6, 2010.

*Matthew D. Crosby*, for appellant.

*Daniel J. Porter, District Attorney, Julie L. Johnson, John A. Warr, Assistant District Attorneys*, for appellee.