A11A0230. BUIS v. THE STATE.
(710 SE2d 850)

DILLARD, Judge.

Following a jury trial, Anthony R. Buis was convicted on one count of theft by taking, one count of entering an automobile with the intent to commit theft, and one count of felony fleeing or attempt to elude a police officer. Buis appeals his convictions and the denial of his motion for new trial, arguing that his trial counsel provided ineffective assistance by failing to obtain evidence that allegedly supported his alibi defense. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the jury's guilty verdict,[1] the evidence shows that around 8:00 p.m. on January 1, 2008, Kristy Blumberg Lane and her daughter went to a movie and afterward drove to pick up the mail for a landscaping business in Conyers that she and her husband owned. Upon arriving at the business, Mrs. Lane noticed that one of the company's maintenance trucks was not in its usual parking spot, but was instead parked in the middle of the parking lot. At nearly the same time, Lane saw an unfamiliar truck with its lights on coming toward her. As the truck passed her and headed toward the parking-lot exit, Lane noticed that it was pulling away one of her company's trailers. Realizing that the trailer was being stolen, Lane instructed her daughter to call 911 and turned her own vehicle around to follow the thief. A few blocks down the road, Lane was able to catch up to the thief's truck because the driver had stopped to unhitch the stolen trailer. After quickly doing so, the thief got back into the truck and resumed his flight. By this time, Lane saw that a Conyers police officer had joined the pursuit, and therefore, she decided to withdraw from the chase and return to her

---

[1] *See, e.g., Goolsby v. State*, 299 Ga. App. 330, 330-31 (682 SE2d 671) (2009); *see also Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

business to see whether the thief had taken anything else from the premises.[2]

The fleeing thief first gained the attention of the Conyers police officer when he sped by the gas station where the officer was parked, jumped a curb, and stopped his vehicle in a grassy area. The officer then observed the driver, an African-American male, get out of the truck and unhook a trailer that he had been pulling. After doing so, the driver (and lone occupant) returned to his truck and sped away. Immediately, the officer turned on his vehicle's emergency lights and began pursuit of the thief. As the officer was starting to catch up to the thief's truck, it swerved across the centerline, forcing an oncoming car off the road, and then turned sharply before jumping over some nearby railroad tracks and crashing into a dirt embankment. Unable to follow the truck over the railroad tracks, the officer drove to the next railroad crossing; but by the time the officer arrived at the embankment where the truck had crashed, the thief had already escaped on foot. In searching the truck, the officer found bolt cutters, miscellaneous tools, a map of the greater Atlanta area, a list of landscaping businesses and their equipment (including Lane's), and numerous business cards for a lawn-care company owned by Anthony Buis. Additionally, following a records search, the officer determined that the truck was registered to Buis.

At around the same time that the Conyers officer was searching the now-abandoned truck, a couple driving a few blocks away were startled when an African-American male suddenly darted out from a nearby parking lot into the street and in front of their car. As the driver of the car slammed on the brakes, the male paused, turned his head toward the couple's car, and then continued running. A moment later, the couple noticed a police vehicle with its emergency lights flashing a short distance away.

Approximately 12 hours after the foregoing crimes occurred in Conyers, a Fulton County police officer responded to a call from Buis, who alleged that he had been robbed and kidnapped the previous evening. After Buis was transported to the police station, a detective interviewed him about the alleged kidnapping. Buis stated that around 6:00 p.m. on January 1, 2008, he went to the Fulton Industrial Boulevard area to seek the services of a prostitute. Buis claimed that, after picking up a prostitute, he parked his truck and shared an alcoholic beverage and some marijuana with his newfound companion. A few minutes later, two men allegedly forced Buis out of his truck at gunpoint, robbed him, bound him with duct tape, and

---

[2] Once there, a closer inspection of the maintenance truck showed that the lock on its passenger door had been popped open.

placed him inside the trunk of a large, dark-colored car. According to Buis, the car drove only a short distance before parking, and he was left inside the trunk of the parked car overnight. The next morning, the two men supposedly returned, let Buis out of the trunk, and fled the scene in that same vehicle. It was only at this point that Buis claimed he was able to free his hands from the duct tape and call the police after receiving assistance in a nearby office park. The detective—who was not yet aware of the crimes that had transpired in Conyers the night before—told Buis at the conclusion of the interview that while he found his story implausible, he would nevertheless investigate the alleged incident.

Thereafter, and despite his claim that he had been kidnapped during the time period the crimes occurred in Conyers, Buis was arrested on suspicion that he had committed those crimes. Consequently, he was indicted on one count of theft by taking of the landscaping company's trailer,[3] one count of entering the landscaping company's maintenance truck with the intent to commit theft,[4] and felony fleeing or attempt to elude a police officer.[5]

During Buis's trial, Mrs. Lane testified about the theft of her company's trailer and her pursuit of Buis's truck, as well as the fact that her company's maintenance truck had been broken into and moved. The officer involved in the chase also testified as to his pursuit of Buis's truck and his search of the vehicle after it crashed. Additionally, the driver of the car that nearly hit the fleeing pedestrian identified Buis as the person he saw that night in the road. The State also proffered the testimony of the Fulton County detective who interviewed Buis about his alleged kidnapping, and the State played a digital video recording of that interview for the jury. Finally, the State proffered the testimony of another detective, who testified that the Conyers officer involved in the chase identified Buis from a photographic lineup as the driver of the truck he had pursued on the night of the crimes. This detective further testified that she obtained records from Buis's cell phone provider indicating that someone using Buis's cell phone placed numerous calls to Buis's home phone and to his wife's cell phone, beginning shortly after Buis's truck was abandoned. Importantly, those same records indicated that in making those calls, Buis's cell phone utilized a cell phone tower located in Conyers, which meant the calls originated from within that vicinity.

At the trial's conclusion, the jury found Buis guilty on all counts of the indictment. Subsequently, Buis obtained new counsel and filed

---

[3] OCGA § 16-8-2.
[4] OCGA § 16-8-18.
[5] OCGA § 40-6-395 (b) (5) (A) (iii).

a motion for new trial, alleging, in part, that his trial counsel provided ineffective assistance. After a hearing, in which Buis's trial counsel testified, the trial court denied Buis's motion for new trial on all grounds. This appeal follows.

In his sole enumeration of error, Buis contends that his trial counsel performed deficiently by not obtaining the duct tape that was used to bind him when he was allegedly kidnapped, and that this failure undermined his alibi defense. We disagree.

To prevail on his claim of ineffective assistance of counsel, Buis "must show that counsel's performance was deficient and that the deficient performance so prejudiced [him] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[6] There is a strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct, and a criminal defendant must overcome this presumption.[7] And unless clearly erroneous, we will uphold a trial court's factual determinations with respect to claims of ineffective assistance of counsel.[8] A trial court's legal conclusions in this regard, however, are reviewed de novo.[9] With these principles in mind, we will now address Buis's claim.

During the motion for new trial hearing, Buis's appellate counsel asked his trial counsel why he did not request production of the duct tape that the Fulton County police recovered while investigating Buis's report that he had been kidnapped on the night the crimes occurred in Conyers. Trial counsel responded that he did not believe that having this physical evidence would have made "much difference to the jury," given that (1) the jury had already viewed Buis's recorded interview with the Fulton County detective, in which Buis stated that he had been bound with duct tape, and (2) the detective acknowledged during cross-examination that the duct tape was recovered by the officer who responded to Buis's call reporting the incident.

In considering the foregoing explanation by trial counsel, we begin by noting that "decisions regarding whether and how to conduct cross-examinations and what evidence to introduce are matters of trial strategy and tactics and are within the exclusive province of counsel after consultation with the client."[10] Indeed,

---

[6] *Chapman v. State*, 273 Ga. 348, 349-50 (2) (541 SE2d 634) (2001); *see Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[7] *E.g.*, *Chapman*, 273 Ga. at 350 (2).

[8] *Id.*; *Henderson v. State*, 303 Ga. App. 898, 898 (1) (695 SE2d 334) (2010).

[9] *E.g.*, *Henderson*, 303 Ga. App. at 898 (1).

[10] *Serrate v. State*, 268 Ga. App. 276, 278 (2) (c) (601 SE2d 766) (2004) (citation and punctuation omitted); *see also Rose v. State*, 258 Ga. App. 232, 236 (2) (c) (573 SE2d 465) (2002) (same).

"[s]uch tactical decisions provide no grounds for reversal unless they are so patently unreasonable that no competent attorney would have chosen them."[11] And here, because the duct tape itself was cumulative of evidence that was introduced through Buis's recorded police interview and his trial counsel's cross-examination of the Fulton County detective, we cannot say that Buis's trial counsel's decision not to request the production of the duct tape was patently unreasonable.[12]

Moreover, even if we were to assume arguendo that Buis's trial counsel performed deficiently,[13] Buis proffered no evidence at the hearing on his motion for new trial that an analysis of the duct tape would have bolstered his alibi defense. Indeed, during the hearing, the trial court asked Buis's current counsel why he had not yet proffered an analysis of the duct tape, and in response, counsel merely stated that he had not yet had an opportunity to do so. In light of this failure to proffer, Buis has likewise "failed to prove the prejudice prong of his ineffectiveness claim."[14]

Accordingly, for all of the reasons noted supra, the trial court did not abuse its discretion in denying Buis's motion for new trial.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED MAY 23, 2011.

*John J. Martin, Jr.*, for appellant.
*Richard R. Read, District Attorney, Roberta A. Earnhardt, Paul J. Stalcup, Assistant District Attorneys*, for appellee.

---

[11] *Serrate*, 268 Ga. App. at 278 (2) (c) (citation and punctuation omitted).

[12] *See Grier v. State*, 276 Ga. App. 655, 662-63 (4) (b) (624 SE2d 149) (2005) (holding that because the evidence on the videotape was cumulative of evidence trial counsel introduced through the cross-examination of investigator, trial counsel's decision not to introduce videotape was a matter of strategy and could not amount to ineffective assistance of counsel).

[13] *See McDougal v. State*, 284 Ga. 427, 428 (2) (667 SE2d 592) (2008) (noting that if a defendant "fails to prove one prong of the *Strickland* test, the reviewing court does not have to examine the other prong").

[14] *Hunter v. State*, 294 Ga. App. 583, 585 (1) (669 SE2d 533) (2008) (citation and punctuation omitted); *see also Denny v. State*, 280 Ga. 81, 84 (4) (623 SE2d 483) (2005) (holding that defendant failed to prove prejudice prong of his ineffectiveness claim when he failed to show that his DNA expert would have rebutted the State's evidence).