### A11A0437. ROBERTS v. THE STATE.
(710 SE2d 878)

DILLARD, Judge.

Following a jury trial, Paul Alan Roberts was convicted of one count of burglary. Roberts appeals his conviction and the denial of his motion for new trial, challenging the sufficiency of the evidence and arguing that the trial court erred in defining the term "entry" in response to the jury's request and in finding that he failed to show that he received ineffective assistance of counsel. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the jury's guilty verdict,[1] the evidence shows that in the early morning hours of November 7, 2005, a Henry County police officer received a dispatch, indicating that a security alarm had been set off at a local tool-supply business. Upon arriving at the scene, the officer observed that one of the store's back doors was open and that the bottom half of the door had been shattered by a sewer manhole cover that was lying on the ground a few feet away. The officer also noticed that there was a blood stain on part of the door frame and, therefore, called an

---

[1] *See, e.g., Goolsby v. State*, 299 Ga. App. 330, 330-31 (682 SE2d 671) (2009); *see also Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

evidence technician to collect samples of the blood for DNA analysis. Once inside the store, the officer saw that its office had been ransacked and that numerous tools appeared to be missing from the displays. Shortly thereafter, the store's manager arrived on the scene and confirmed that eight nail guns, two circular saws, two mitre saws, and an air compressor had been stolen.

Over a year later, the police learned through CODIS[2] that the DNA profile generated from the blood stain on the tool store's door matched the DNA profile of Paul Roberts, who was at that time incarcerated in the Henry County jail on other charges. Consequently, Roberts was indicted for burglary.[3]

During Roberts's trial, the officer who responded to the initial dispatch testified regarding his investigation of the burglary, and the manager of the tool-supply business testified as to the types of tools that were stolen. Additionally, the State's prosecutor proffered the lab report indicating that Roberts's DNA profile matched the DNA profile of the blood sample collected at the scene of the burglary. The State's prosecutor also introduced similar-transaction evidence, showing that Roberts had previously been convicted of burglarizing two other hardware stores. At the trial's conclusion, the jury found Roberts guilty of burglary. Subsequently, Roberts filed a motion for new trial, which the trial court denied after a hearing. This appeal follows.

1. Roberts contends that the evidence was insufficient to support his conviction of burglary. We disagree.

When a criminal conviction is appealed, the evidence must be viewed in the light most favorable to the verdict, and the appellant no longer enjoys a presumption of innocence.[4] We do not weigh the evidence or determine witness credibility "but only determine whether a rational trier of fact could have found the defendant[ ] guilty of the charged offenses beyond a reasonable doubt."[5] Accordingly, the jury's verdict will be upheld "[a]s long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case[.]"[6]

A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters

---

[2] CODIS, the Combined DNA Indexing System, is a database of DNA profiles linked among the states through the Federal Bureau of Investigation.

[3] OCGA § 16-7-1 (a).

[4] *See, e.g., English v. State*, 301 Ga. App. 842, 842 (689 SE2d 130) (2010).

[5] *Lott v. State*, 303 Ga. App. 775, 775 (1) (694 SE2d 698) (2010) (citing *Jackson*, 443 U. S. at 319 (III) (B)).

[6] *Miller v. State*, 273 Ga. 831, 832 (546 SE2d 524) (2001) (citation and punctuation omitted).

or remains within a building or any room or part thereof.[7] In this matter, Roberts's blood was found at the scene of a business that had one of its back doors smashed open and numerous items stolen. Nevertheless, Roberts argues that this circumstantial evidence was insufficient to support his conviction. In doing so, Roberts correctly notes that "[t]o warrant a conviction on circumstantial evidence, the proved facts shall not only be consistent with the hypothesis of guilt, but shall exclude every other reasonable hypothesis save that of the guilt of the accused."[8] However, it is well established that

> [q]uestions of reasonableness are generally for the fact-finder and where the circumstantial evidence is sufficient to exclude every reasonable hypothesis save that of the guilt of the accused, the appellate court will not disturb the fact-finder's guilty verdict unless it is unsupportable as a matter of law.[9]

And here, there was no evidence to explain how Roberts's blood could have been left at the scene at a time other than when the crime was committed. Furthermore, the State introduced evidence showing that Roberts previously committed two strikingly similar burglaries. Based on this evidence, the jury could appropriately infer that Roberts committed the burglary of the tool-supply store.[10]

2. Roberts contends that the trial court erred in defining the term "entry" in response to the jury's request. Specifically, he argues that in defining "entry" the court confused the jury as to the elements of burglary. We disagree.

Shortly after the jury began its deliberations, it sent a note to the trial court asking for a definition of the term "entry." After conferring with counsel, the court responded to the jury as follows: "This is the first definition of enter in Black's Law Dictionary, [N]inth Edition: 'To come or go into.' Now, in that same edition, entry is 'the act of entering real property.' So that is the definition." And while

---

[7] OCGA § 16-7-1 (a).

[8] OCGA § 24-4-6.

[9] *Lighten v. State*, 259 Ga. App. 280, 282 (1) (576 SE2d 658) (2003) (punctuation and footnote omitted).

[10] *See Adams v. State*, 284 Ga. App. 534, 535-36 (1) (644 SE2d 426) (2007) (holding that defendant's blood on the window ledge of the building that was broken into was sufficient to support burglary conviction) (physical precedent only as to Division 3); *Marion v. State*, 276 Ga. App. 553, 554 (623 SE2d 739) (2005) (holding that defendant's fingerprints at the scene of the crime, which were otherwise unexplained, and evidence of defendant's prior commission of similar crimes were sufficient to support burglary conviction); *Massey v. State*, 247 Ga. App. 827, 828 (1) (545 SE2d 66) (2001) (holding that defendant's fingerprints at the scene of the crime were sufficient to support burglary conviction despite the fact that stolen items were never recovered).

his trial counsel did not object to the trial court's response, Roberts nevertheless contends that the court's definition was harmful as a matter of law[11] because it implied that his entry onto the property of the tool-supply store, rather than entry into the building, was sufficient to support a burglary conviction. Roberts's claim lacks merit. In fact, "[i]t is the court's duty to instruct on any point the jury requests and to do it in plain, clear language";[12] and that is exactly what the trial court did in the case sub judice.

But even if we were to assume arguendo that the trial court's definition of "entry" constituted error, "an erroneous charge does not warrant a reversal unless it was harmful and, in determining harm, the entirety of the [court's] jury instructions must be considered."[13] And here, in reviewing the entirety of the jury instructions, it is clear that no harm occurred because the trial court charged the jury on the burglary statute and its requirement of proof that a defendant entered "the building or dwelling place of another." Accordingly, the trial court's definition of "entry" did not, in the context of the charge as a whole, prejudice Roberts and therefore does not constitute reversible error.[14]

3. Finally, Roberts contends that the trial court erred in finding that he failed to demonstrate that his trial counsel provided ineffective assistance. We disagree.

To prevail on his claim of ineffective assistance of counsel, Roberts "must show that counsel's performance was deficient and that the deficient performance so prejudiced [him] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[15] There is a strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct, and a criminal defendant must overcome this presumption.[16] And unless clearly erroneous, we will uphold a trial court's factual determinations with respect to claims of ineffective assistance of counsel.[17] A trial court's legal conclusions in this

---

[11] Under OCGA § 5-5-24 (c), "the appellate courts shall consider and review erroneous charges where there has been a substantial error in the charge which was harmful as a matter of law, regardless of whether objection was made hereunder or not."

[12] *Green v. State*, 240 Ga. App. 377, 380 (6) (523 SE2d 581) (1999) (footnote omitted) (holding that providing jury with dictionary definition of term "tacitly" was not error).

[13] *Foote v. State*, 265 Ga. 58, 59-60 (2) (455 SE2d 579) (1995) (citations omitted).

[14] *See Mubarak v. State*, 305 Ga. App. 419, 421 (2) (699 SE2d 788) (2010) (holding that providing jury with dictionary definition of "maliciously" was not error).

[15] *Chapman v. State*, 273 Ga. 348, 349-50 (2) (541 SE2d 634) (2001); *see also Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[16] *Chapman*, 273 Ga. at 350 (2).

[17] *Id.*; *Henderson v. State*, 303 Ga. App. 898, 898 (1) (695 SE2d 334) (2010).

regard, however, are reviewed de novo.[18] With these principles in mind, we will now address Roberts's claim.

Roberts argues that his trial counsel performed deficiently by failing to object to the trial court's reading of the definition of "entry" to the jury. However, given our holding in Division 2, any objection to the trial court's defining "entry" for the jury would have lacked merit.[19] And "[t]he failure to pursue a futile objection does not amount to ineffective assistance."[20] Furthermore, as we also noted in Division 2, even if the trial court's definition of "entry" constituted error, it was harmless in light of the entirety of the court's jury instructions. Accordingly, Roberts has not shown that he was prejudiced by the charge, and he cannot prevail on his ineffective-assistance claim.[21]

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED MAY 26, 2011.

*Brown & Gill, Angela B. Dillon*, for appellant.
*Tommy K. Floyd, District Attorney, Atha H. Pryor, Thomas L. Williams, Assistant District Attorneys*, for appellee.

---

[18] *Henderson*, 303 Ga. App. at 898 (1).

[19] *See Butler v. State*, 277 Ga. App. 57, 61 (2) (625 SE2d 458) (2005) (holding that trial court's jury charge was not error, and thus, any objection by defendant's trial counsel would have been futile).

[20] *Ventura v. State*, 284 Ga. 215, 218 (4) (663 SE2d 149) (2008) (citation omitted).

[21] *See Rabie v. State*, 286 Ga. App. 684, 687 (2) (649 SE2d 868) (2007).