## A11A1385. ANDERSON v. THE STATE.
(716 SE2d 813)

DILLARD, Judge.

Following trial, a jury convicted Eric Anderson and his co-defendant Omar Espinosa of armed robbery. Anderson appeals his conviction and the denial of his motion for new trial, arguing that the trial court erred in denying his motion for a mistrial based on the improper admission of his co-defendant's statement to police and in finding that he failed to show that he received ineffective assistance of counsel. For the reasons set forth infra, we affirm.

Viewed in the light most favorable to the jury's guilty verdict,[1]

---

[1] *See, e.g., Goolsby v. State*, 299 Ga. App. 330, 330-31 (682 SE2d 671) (2009); *see also Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

the evidence shows that at about 1:50 a.m. on September 19, 2004, Anderson walked into a local convenience store, picked up a piece of candy from one of the aisles, and approached the check-out counter. As the convenience-store clerk started to scan the candy for its sale price, Anderson pointed a pistol at her and ordered her to give him all of the money from the cash register. After the clerk complied, Anderson fled from the store, and the clerk called the police.

Shortly after the robbery occurred, a police officer patrolling the area noticed a burgundy Pontiac Grand Prix in the curbside lane adjacent to the convenience store, traveling at a curiously slow speed. As the officer approached the vehicle in his patrol car, it turned into the passing lane, increased its speed, and drove away. Only minutes later, the officer received a dispatch concerning the armed robbery at the convenience store, and based on his suspicion that the burgundy Grand Prix may have been involved, he radioed other officers to be on the lookout for that vehicle.

Within minutes, another officer spotted a vehicle matching the description provided by the patrolling officer and noticed that the vehicle had two occupants. Consequently, the officer pulled in behind the vehicle, activated his patrol car's blue lights and public address system, and ordered the driver of the vehicle to stop. However, instead of stopping, the vehicle sped away, and a high-speed chase, involving several officers, ensued. The chase ended when the suspects' vehicle crashed, but its two occupants were able to flee on foot before the pursuing officers arrived on the scene. Inside the abandoned vehicle, officers found several $1 and $5 bills and a candy wrapper.

A short time later, officers spotted Espinosa running through a residential backyard near the crash site and arrested him. Officers arrested Anderson at Espinosa's mother's home soon afterward. Both men were first taken back to the convenience store where the clerk identified Anderson as the man who robbed her. Thereafter, they were transported to the police station, and both provided statements. Anderson claimed that two men carjacked him, that one of them robbed the convenience store, and that they then forced him to attempt to elude the police. However, Espinosa volunteered that he had been the driver of the vehicle, that he had been talking with "others" for weeks about making a "quick buck," and that they had been planning to rob a store.

Anderson and Espinosa were each indicted on one count of armed robbery.[2] Prior to trial, the trial court ruled that both of their statements to police following their arrests were admissible but that

---

[2] *See* OCGA § 16-8-41 (a).

any comments in their respective statements that implicated the other defendant were inadmissible pursuant to *Bruton v. United States*.[3] During trial, the convenience-store clerk testified about the robbery and her identification of Anderson as the gunman. The State also introduced and played surveillance video footage from the convenience store, which showed the robbery as it occurred. In addition, several of the police officers involved testified regarding their pursuit and arrest of Anderson and Espinosa, and two of those officers further testified regarding the statements that Anderson and Espinosa made following their arrest. At the trial's conclusion, the jury found both Anderson and Espinosa guilty of armed robbery.

Subsequently, Anderson filed a motion for new trial, in which he argued, inter alia, that his trial counsel provided ineffective assistance. After holding a hearing on the matter, the trial court denied Anderson's motion in an order issued on September 1, 2009.[4] On January 22, 2010, Anderson filed a notice of appeal, which this Court dismissed as untimely. However, on February 22, 2011, the trial court granted his motion for leave to file an out-of-time appeal. This appeal follows.

1. Anderson contends that the trial court erred in denying his motion for a mistrial based on a comment made during the State prosecutor's opening and the testimony of two of the investigating police officers, all of which allegedly violated his Sixth Amendment right to confront witnesses under *Bruton*. In addressing this issue, we must first determine whether the State prosecutor's comments and the officers' statements violated Anderson's confrontation-clause rights and, if so, whether that error was harmless beyond a reasonable doubt.[5]

In *Bruton*, the Supreme Court of the United States held

that the admission of a statement of a non-testifying co-defendant which inculpates the defendant unconstitutionally deprives that defendant of the Sixth Amendment right to cross-examine witnesses, even where the jury is instructed to limit its consideration of the statement to the co-defendant who made it.[6]

Furthermore,

[w]hile a non-testifying co-defendant's statement which is

---

[3] 391 U. S. 123 (88 SC 1620, 20 LE2d 476) (1968).

[4] The trial court also denied a motion for new trial filed by Espinosa, and on appeal, we affirmed Espinosa's conviction. *See Espinosa v. State*, 285 Ga. App. 69 (645 SE2d 529) (2007).

[5] *See Davis v. State*, 272 Ga. 327, 330 (6) (528 SE2d 800) (2000).

[6] *Id.*; *see Bruton*, 391 U. S. at 135-36.

redacted so that it eliminates any reference to the existence of the defendant will withstand scrutiny under *Bruton* so long as it is accompanied by instructions limiting its use to the case against its maker, a non-testifying co-defendant's statement which is redacted by merely replacing the defendant's name with a blank or symbol violates *Bruton* regardless of whether limiting instructions are given.[7]

And "statements which, despite redaction, refer directly to a person whom the jury may infer to be the defendant run afoul of the confrontation clause even where the confession is the very first item introduced at trial."[8]

In the case sub judice, Anderson argues that the State violated the *Bruton* rule three different times during his trial, and therefore, the trial court should have granted his motion for a mistrial. Anderson claims that the first violation occurred during the State prosecutor's opening statements when he informed the jury that although they may hear a claim that the defendants were carjacked and forced to try to elude the police, the evidence would show that there were only two occupants in the vehicle that led police on the high-speed chase. Anderson's trial counsel did not object, but Espinosa's trial counsel did, which was not surprising given that the prosecutor's comment was a reference to Anderson's statement to the police. Regardless, "*Bruton* is not violated if a co-defendant's statement does not incriminate the defendant on its face."[9] Given that the comment at issue was in reference to a statement by Anderson and not his co-defendant and that it did not inculpate either defendant, the trial court correctly overruled the objection and motion for mistrial.[10]

Anderson further argues that the *Bruton* rule was violated during the testimony of two of the investigating police officers. The first instance occurred when Espinosa's trial counsel sought to clarify the testimony of the officer to whom Espinosa first made his statement. Specifically, Espinosa's trial counsel asked the officer as follows: "[Officer], earlier you testified that Mr. Espinosa spontaneously said he was planning an armed robbery. Isn't it true that he actually said he was talking with other people weeks prior about how they could make a quick buck?" The officer responded: "Yes." The second instance occurred during the State prosecutor's examination

---

[7] *Davis*, 272 Ga. at 330-31 (6) (footnotes and punctuation omitted).

[8] *Id.* at 331 (6) (footnote and punctuation omitted).

[9] *Johnson v. State*, 275 Ga. 650, 651 (2) (571 SE2d 782) (2002) (citation and punctuation omitted).

[10] *See id.* at 651-52 (2).

of the officer to whom both defendants made their formal statements. The prosecutor asked the officer to repeat what Espinosa had told him regarding his participation in the crime. The officer responded: "He advised that he had left his house going to [a nightclub]. The individual in the car with him wanted to go by the store first to obtain something to drink."

Anderson's trial counsel objected to both of these alleged *Bruton* violations, and Anderson now argues that the trial court erred in overruling those objections. We agree that the testimony concerning Espinosa's statement that referenced "other people" with regard to making a "quick buck" and the "individual" with Espinosa on the night of the robbery could be considered references to a person whom the jury may infer to be Anderson.[11] Nevertheless, pretermitting whether that testimony directly implicated Anderson and thus violated *Bruton*, such a violation may not require reversal "if the properly admitted evidence of guilt is so overwhelming, and the prejudicial effect of the codefendant's admission is so insignificant by comparison, that it is clear beyond a reasonable doubt that the improper use of the [statement] was harmless error."[12] And here, Anderson has not shown any harm resulting from this testimony. Indeed, given the fact that the convenience-store clerk positively identified Anderson as the person who robbed her at gunpoint, that video surveillance footage from the convenience store supported the clerk's identification, and that Anderson's carjacking claim was undermined by the officer who testified that there were only two occupants in the fleeing vehicle, the evidence against Anderson was so overwhelming that the testimony regarding Espinosa's statement cannot be said to have contributed to the guilty verdict.[13] Accordingly, the trial court did not err in denying Anderson's motion for new trial on this ground.

2. Anderson contends that the trial court erred in finding that he failed to demonstrate that his trial counsel provided ineffective assistance in several respects. We disagree.

To prevail on his claim of ineffective assistance of counsel,

---

[11] *See Davis*, 272 Ga. at 331 (6).

[12] *Richard v. State*, 287 Ga. App. 399, 403 (4) (651 SE2d 514) (2007) (footnote and punctuation omitted).

[13] *See, e.g., Collum v. State*, 281 Ga. 719, 721-22 (2) (642 SE2d 640) (2007) (holding that because circumstantial evidence that defendant committed murder was overwhelming and prejudicial effect of co-defendant's statement was insignificant, admission of statement was harmless error); *Mason v. State*, 279 Ga. 636, 638 (2) (b) (619 SE2d 621) (2005) (holding that even if a *Bruton* violation occurred, it was harmless error in light of overwhelming evidence against defendant); *Richard*, 287 Ga. App. at 403 (4) (holding that *Bruton* violation was harmless given the overwhelming evidence, including an eyewitness identification, that defendant committed the armed robbery).

Anderson "must show that counsel's performance was deficient and that the deficient performance so prejudiced [him] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[14] There is a strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct, and a criminal defendant must overcome this presumption.[15] Unless clearly erroneous, we will uphold a trial court's factual determinations with respect to claims of ineffective assistance of counsel; however, a trial court's legal conclusions in this regard are reviewed de novo.[16] With these principles in mind, we now address Anderson's claims.

(a) Focusing on the alleged *Bruton* violations, Anderson argues that his trial counsel rendered ineffective assistance by not moving to sever his case from that of his co-defendant Espinosa. We disagree.

During the hearing on Anderson and Espinosa's motions for new trial, Anderson's trial counsel testified that he did not move to sever his former client's case from Espinosa's case because he believed that in light of *Bruton*, if the two defendants were tried together, the chances of Espinosa implicating Anderson would diminish. Anderson's trial counsel further testified that he thought the dangers of severance outweighed any benefits and that, even with the benefit of hindsight, he would have made the same decision.

The failure to file a motion to sever does not require a finding of ineffective assistance "where the decision whether to seek severance is a matter of trial tactics or strategy, and a decision amounting to reasonable trial strategy does not constitute deficient performance."[17] Accordingly, Anderson's trial counsel's decision on this issue cannot support a claim of ineffective assistance.[18]

(b) Anderson also contends that his trial counsel performed deficiently by failing to object to the convenience-store clerk's allegedly tainted in-court identification of Anderson. In support of his argument that the clerk's in-court identification of him was tainted, he claims that she admitted during her testimony that she recognized Anderson based on the State's prosecutor showing her a photograph of Anderson prior to trial. But although the clerk did, in fact, admit to seeing a photograph of Anderson prior to trial,

---

[14] *Chapman v. State*, 273 Ga. 348, 349-50 (2) (541 SE2d 634) (2001) (citations omitted); *see Strickland v. Washington*, 466 U. S. 668, 687 (III) (104 SC 2052, 80 LE2d 674) (1984).

[15] *Chapman*, 273 Ga. at 350 (2).

[16] *Henderson v. State*, 303 Ga. App. 898, 898 (1) (695 SE2d 334) (2010).

[17] *Jackson v. State*, 281 Ga. 705, 707 (6) (642 SE2d 656) (2007) (citation and punctuation omitted); *see Lott v. State*, 303 Ga. App. 775, 784 (3) (694 SE2d 698) (2010).

[18] *See, e.g., Jackson*, 281 Ga. at 707 (6) (holding that trial counsel's decision to not seek severance so that jury's focus would be on co-defendant instead of counsel's client was reasonable trial strategy); *Lott*, 303 Ga. App. at 784 (3) (same).

contrary to Anderson's argument, she testified that her in-court identification of Anderson was not based on a photograph but rather on her recognition of him from the time of the robbery.

It is certainly true, of course, that a conviction based on eyewitness identification at trial following a pretrial identification may be set aside if the pretrial identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.[19] But "[e]ven if a pretrial identification is tainted by an impermissibly suggestive identification procedure, a subsequent in-court identification is admissible if it does not depend upon the prior identification but has an independent origin."[20] And, the record shows that the clerk's identification of Anderson had such an independent origin. Thus, any objection to the clerk's in-court identification would have lacked merit, and "[t]he failure to pursue a futile objection does not amount to ineffective assistance."[21] Accordingly, Anderson failed to show that his trial counsel rendered ineffective assistance in this regard.

(c) Anderson contends that his trial counsel provided ineffective assistance by failing to timely object when one of the testifying police officers provided his opinion as to what was depicted in the convenience store's video surveillance footage while it was being played for the jury. He further contends that such testimony constituted impermissible bolstering. These contentions are without merit.

During the direct examination of one of the investigating officers, the State played the convenience store's video surveillance footage from the night of the robbery and asked the officer several questions regarding the video. After having the officer note the point in the video at which Anderson pulls out his pistol, the State's prosecutor asked the officer if he could tell what color the pistol was. The officer responded that it appeared "to be a dark or a black color pistol." A moment later, the State's prosecutor asked the officer if the red shirt that Anderson was wearing in the video was the same red shirt that was in evidence. At the same time that the officer responded affirmatively, Anderson objected on the ground that the officer was providing opinion evidence. The trial court agreed and struck the testimony from the record.

Despite the fact that the trial court ultimately sustained his objection, Anderson nevertheless argues that the officer's testimony improperly bolstered what was depicted in the video. However, contrary to Anderson's argument, this testimony was not improper

---

[19] *Willis v. State*, 309 Ga. App. 414, 416-17 (3) (a) (710 SE2d 616) (2011).

[20] *Id.* at 417 (3) (a) (citation omitted).

[21] *Ventura v. State*, 284 Ga. 215, 218 (4) (663 SE2d 149) (2008) (citation omitted); *see also Roberts v. State*, 309 Ga. App. 681, 685 (3) (710 SE2d 878) (2011).

bolstering. Indeed, "[i]mproper bolstering refers to character evidence intended to show a witness' veracity, that is, his tendency to tell the truth."[22] Here, the officer was testifying as to his own observations regarding the video. Thus, because the officer's testimony was not improper bolstering, Anderson's trial counsel's untimely objection did not constitute ineffective assistance.[23]

(d) Anderson also contends that his trial counsel provided ineffective assistance by failing to object to inadmissible hearsay testimony. We disagree.

Following the testimony of the convenience-store clerk, one of the investigating officers testified, without objection, that after Anderson was arrested, he was brought back to the convenience store for a "show-up" identification, at which point the clerk identified him as the person who robbed her. Shortly thereafter, another investigating officer also testified that the store clerk identified Anderson as the robber after he was brought back to the store. This time, Anderson's trial counsel objected but withdrew his objection when the State's prosecutor incorrectly stated during the ensuing bench conference that he believed the clerk had already testified to identifying Anderson later that night after his arrest. In fact, the clerk had not been asked about the "show-up" identification.

Anderson argues that his trial counsel provided ineffective assistance by failing to object to the officers' hearsay testimony regarding the clerk's identification of Anderson. But here, the clerk testified at trial, and

> [i]f a hearsay declarant is present at trial and subject to unrestricted cross-examination, a defendant's right of cross-examination is satisfied, and the witnesses' prior out-of-court statements are not hearsay under OCGA § 24-3-1 because the declarant is available for cross-examination, and the evidence does not rest upon the credibility of other persons.[24]

Thus, any objection to the officer's testimony would have been futile and, as previously noted, "[t]he failure to pursue a futile objection does not amount to ineffective assistance."[25]

---

[22] *Goldey v. State*, 289 Ga. App. 198, 199 (2) (a) (656 SE2d 549) (2008) (footnote and punctuation omitted).

[23] *See id.*

[24] *Overton v. State*, 295 Ga. App. 223, 237 (5) (671 SE2d 507) (2008) (citation and punctuation omitted).

[25] *Ventura*, 284 Ga. at 218 (4) (citation omitted).

Moreover, assuming arguendo that the officers' testimony regarding the "show-up" identification was objectionable, Anderson has failed to show that he was prejudiced by this testimony in light of the fact that it was merely cumulative of the clerk's testimony, in which she positively identified Anderson as the person who robbed her at gunpoint.[26] Accordingly, Anderson has failed to show that his trial counsel rendered ineffective assistance in this regard.

*Judgment affirmed. Smith, P. J., and Mikell, J., concur.*

DECIDED SEPTEMBER 20, 2011.

*Matthew L. Waters*, for appellant.

*Tom Durden, District Attorney, Melissa L. Poole, Assistant District Attorney*, for appellee.

---

[26] *See White v. State*, 283 Ga. 566, 570 (4) (662 SE2d 131) (2008) (holding that where hearsay evidence was cumulative of other admissible testimony, the failure to object thereto does not amount to ineffective assistance); *Chatman v. State*, 306 Ga. App. 218, 223-24 (c) (702 SE2d 51) (2010) (same).