### 49619. TAPES & THINGS, INC. v. EVANS.

BELL, Chief Judge.

In this case for damages to an automobile arising out of a collision, the trial court granted defendant's motion for directed verdict on the ground that plaintiff failed to prove the damages. *Held:*

There are two ways to prove damages to a motor vehicle caused by a collision: (1) By showing the difference between the fair market value of the vehicle before and after the collision; and (2) Proof of necessary repairs that are the direct and proximate result of the collision and which represent the reasonable value of labor and material used for the repairs. However, this is subject to the proviso that the aggregate of the repair costs, together with hire on the vehicle while rendered incapable of being used, and the value of any additional permanent impairment, does not exceed the market value of the car before the damage with interest. *Padgett v. Williams,* 82 Ga. App. 509(61 SE2d 676); *Ray Wright Enterprises v. Reaves,* 128 Ga. App. 745 (197 SE2d 856). Plaintiff's only evidence, with reference to the difference in the fair market value test consisted of the $9,000 purchase price of the vehicle *eight months prior* to the accident. This is insufficient to establish the market value just before the collision. *Hoard v. Wiley,* 113 Ga. App. 328 (1) (2) (147 SE2d 782); *Cooper v. Metropolitan Transit System,* 117

Ga. App. 764 (161 SE2d 916). Plaintiff's witness testified that some third party communicated "to the body shop" an offer of $1,700 for the car after the accident. This testimony is hearsay and of no probative value. But even if it were not hearsay and otherwise competent evidence, the offer of $1,700 has no probative value as there is a complete absence of evidence as to the nature and extent of the damage as well as the extent of the required repairs. *Nail v. Hiers,* 116 Ca. App. 522 (157 SE2d 771). As to the repair test, plaintiff established that a body shop was paid approximately $3,800 for the repairs. But there is no proof that any repairs made were necessary and were caused by the collision and that the cost of repair represented the reasonable value of the necessary labor and material. Thus applying either test the evidence demanded a verdict for defendant.

*Judgment affirmed. Quillian and Clark, JJ., concur.*

SUBMITTED SEPTEMBER 9, 1974 — DECIDED JANUARY 9, 1975.

*Fierman & Merren, Martin L. Fierman,* for appellant.

*Neely, Freeman & Hawkins, Alan F. Human, J. Bruce Welch,* for appellee.