A06A2431. IN THE INTEREST OF S. P., a child.
A06A2432. IN THE INTEREST OF J. T., a child.
(637 SE2d 802)

BLACKBURN, Presiding Judge.

In two separate appeals, the mother of S. P. and J. T. appeals the juvenile court's order finding her two children deprived pursuant to OCGA § 15-11-2 (8) (A). She contends that the juvenile court erred (i) by reviewing evidence submitted by the guardian ad litem during an ex parte meeting and (ii) by denying her request to continue the deprivation hearing. Because these appeals raise identical issues based on the same facts, we consolidate them for review. For the reasons set forth below, we affirm in both cases.

On appeal from a deprivation order, we review the juvenile court's finding of deprivation

> in the light most favorable to the juvenile court's judgment to determine whether any rational trier of fact could have found by clear and convincing evidence that the [children were] deprived. This Court neither weighs evidence nor determines the credibility of witnesses; rather, we defer to the trial court's fact-finding and affirm unless the appellate standard is not met.

(Punctuation omitted.) *In the Interest of B. M. B.*[1]

So viewed, the record shows that in March and July 2003, the Cherokee County Department of Family and Children Services (DFCS) received reports of improper supervision of both twelve-year-old S. P. and five-year-old J. T., domestic violence involving the mother and her boyfriend (J. T.'s father),[2] and drug abuse in the home. On October 30, 2003, the juvenile court issued a shelter care order to place S. P. in protective custody based on the mother's alleged drug abuse as well

---

[1] *In the Interest of B. M. B.*, 241 Ga. App. 609 (527 SE2d 250) (1999).

[2] J. T.'s father was the mother's boyfriend at the time the case was opened. He is not the biological father of S. P., whose father is deceased.

as the fact that the mother had no stable housing. A deprivation petition was filed on J. T.'s behalf, and he was placed with his father. That same day, the juvenile court held a 72-hour hearing; however, the mother waived the hearing, and allowed the court to place S. P. in DFCS's temporary legal custody. On November 3, 2003, DFCS filed a deprivation petition regarding S. P. based on the mother's alleged drug abuse and lack of adequate housing.

At the deprivation hearing in December 2003, the DFCS investigator testified that the mother moved out of the home she shared with J. T.'s father because of domestic violence. She left J. T. to stay there with his father, moved S. P. to stay with a family friend but did not find stable housing for herself. The investigator also testified that the mother underwent several drug tests, and although the results were negative, one of the tests could not be used due to the presence of a plastic foreign substance in the mother's urine sample. Furthermore, the mother had not completed a hair analysis drug test as requested and had admitted to past drug use.

Also at the hearing, S. P. and the family friend with whom she was staying both testified that after leaving the home of J. T.'s father, S. P. found several small plastic bags containing a substance similar to rock salt in the trunk of her mother's car and a suspicious glass pipe in one of her mother's bags. The family friend further testified that over the past few months, the mother appeared to have lost a significant amount of weight. Another friend of the mother testified that she provided a urine sample for the mother to submit for one of her drug tests and was asked to provide a second sample but did not do so.

At the close of the State's case, the hearing was continued until January 5, 2004. On that date, it was continued again until February 10, 2004. After the hearing, the juvenile court issued an order finding both S. P. and J. T. deprived in light of the mother's apparent drug abuse and her failure to maintain stable housing. On April 21, 2004, the juvenile court held a disposition hearing, at which the mother was represented by new counsel. Subsequently, the juvenile court issued an order maintaining temporary legal custody of S. P. with DFCS and placing legal custody of J. T. with his father. This appeal followed.

1. As an initial matter, DFCS contends that any challenge to the finding of deprivation is untimely and should be dismissed pursuant to OCGA § 5-6-38 (a), arguing that the mother's April 29, 2004 notice of appeal was filed more than 30 days after the juvenile court's February 11, 2004 deprivation order. We disagree.

Under OCGA § 5-6-34 (d), when an appeal is taken from a final judgment, appellate courts must review all rulings rendered in the case that are raised on appeal and which may affect the proceedings below, without regard to the appealability of the ruling standing

alone and without regard to whether the ruling was final or appealable by some other express provision of law. See *In the Interest of I. S.*[3] "Thus, a party may challenge the propriety of an earlier, unappealed deprivation order in the course of a timely direct appeal taken pursuant to OCGA § 5-6-34 (a) (1) from a subsequent order arising out of the deprivation proceeding." Id. See *In the Interest of S. J.*[4]

Here, the mother's challenge to the unappealed February 11, 2004 deprivation order was brought on April 29, 2004, as part of a timely appeal from the April 21, 2004 disposition order entered in the same deprivation proceeding. Accordingly, DFCS's motions requesting that the mother's appeals be dismissed are denied. See *In the Interest of I. S.*, supra, 278 Ga. at 861; *In the Interest of S. J.*, supra, 270 Ga. App. at 608 (1) (a).

2. The mother contends that the juvenile court erred by reviewing evidence and discussing other issues during an ex parte meeting with the guardian ad litem. Approximately one week prior to the December 5, 2003 deprivation hearing, the juvenile court met with the guardian ad litem ex parte to discuss some of S. P.'s writings which were causing him concern as to S. P.'s emotional state and to discuss allowing her to visit with family friends over the Thanksgiving holiday. At the December 5, 2003 hearing, the court discussed this ex parte meeting with the parties on the record. The mother raised no objection to the ex parte meeting, and, in fact, her counsel informed the court that he and the guardian ad litem had discussed the meeting earlier. When the hearing resumed on December 11, 2003, S. P. testified and her writings, which had been discussed by the court and the guardian ad litem, were admitted into evidence without objection.

Because the mother raised no objection to this alleged error below, nothing is presented for our review. *In re Martin.*[5] Indeed, "[i]t is axiomatic that matters neither raised nor ruled on below may not be considered on appeal. We do not consider issues raised for the first time on appeal, because the trial court has not had opportunity to consider them." (Punctuation omitted.) *Dan J. Sheehan Co. v. Ceramic Technics.*[6] Accordingly, the mother has waived any contention of error regarding the ex parte meeting between the court and the guardian ad litem.

---

[3] *In the Interest of I. S.*, 278 Ga. 859, 860 (607 SE2d 546) (2005).

[4] *In the Interest of S. J.*, 270 Ga. App. 598, 608 (1) (a) (607 SE2d 225) (2004).

[5] *In re Martin*, 218 Ga. App. 79, 80 (1) (460 SE2d 304) (1995).

[6] *Dan J. Sheehan Co. v. Ceramic Technics*, 269 Ga. App. 773, 777 (3) (605 SE2d 375) (2004).

3. The mother also contends that the trial court erred in denying her motion to continue the deprivation hearing after she became ill while testifying. We disagree.

A juvenile court has the authority to grant a continuance of a deprivation hearing, for good cause, even beyond the statutory limitations for the time of the hearing. Uniform Juvenile Court Rule 11.3. See also *In the Interest of T. R.*[7] "A [juvenile] court's decision to grant or to deny a continuance will not be disturbed absent abuse of discretion." Id. at 401-402 (1). In addition, "the party seeking a continuance must show due diligence." Id. at 402 (1). OCGA § 9-10-166. See also Uniform Juvenile Court Rule 7.7 (OCGA § 9-10-150 et seq. applicable to the request for continuance in this case). Furthermore, "[t]he appellant must also show that harm resulted from the denial of the continuance." *In the Interest of M. H. W.*[8]

On January 5, 2004, the court reluctantly agreed to a continuance to allow the mother's court-appointed counsel more time for preparation. When the hearing resumed on February 10, 2004, the mother informed the juvenile court that she was not satisfied with her counsel and requested another continuance to obtain new counsel. Finding no legal basis for another continuance, the court denied her request. The hearing resumed with the mother being called as a witness to testify that her children were not deprived. However, during her testimony she became emotionally distraught and could not continue. After a brief recess, her counsel informed the court that she had become ill and would not be participating in any further proceedings that day. Her counsel again requested a continuance, which was denied. As DFCS had already presented its case and no other witnesses were scheduled to testify, the hearing was concluded, and the court issued its finding of deprivation.

Given the fact that at the time the mother became ill and could no longer proceed, the hearing was nearly concluded, coupled with the fact that her counsel did not intend to present any additional witnesses, the court's denial of her request to continue the hearing was not an abuse of discretion, particularly since the hearing had already been delayed two months after DFCS had presented its evidence. See *In the Interest of J. H.*;[9] *Americani v. Sidky*;[10] *Wasson v. Cox.*[11] Moreover, the mother has not shown any harm based on her absence, as she has not demonstrated what evidence she would have provided that would have changed the outcome of the hearing. See *In*

---

[7] *In the Interest of T. R.*, 270 Ga. App. 401 (1) (606 SE2d 630) (2004).

[8] *In the Interest of M. H. W.*, 275 Ga. App. 586, 591 (2) (621 SE2d 779) (2005).

[9] *In the Interest of J. H.*, 273 Ga. App. 424, 426-427 (615 SE2d 231) (2005).

[10] *Americani v. Sidky*, 199 Ga. App. 823, 824 (2) (406 SE2d 259) (1991).

[11] *Wasson v. Cox*, 176 Ga. App. 684, 685 (337 SE2d 445) (1985).

*the Interest of J. H.*, supra, 273 Ga. App. at 427. Accordingly, the denial of her request that the hearing be continued presents no basis for reversal.

*Judgment affirmed. Mikell and Adams, JJ., concur.*

DECIDED OCTOBER 24, 2006.

*Richard A. Jones*, for appellant.

*Thurbert E. Baker, Attorney General, Shalen S. Nelson, Senior Assistant Attorney General, Charissa A. Ruel, Assistant Attorney General, Hope M. Pereira*, for appellee.