A11A1864, A11A1865. SEVOSTIYANOVA v. THE STATE
(two cases).
(722 SE2d 333)

MIKELL, Chief Judge.

In July 2007, appellant Ekaterina Sevostiyanova was involved in two separate traffic incidents during the course of a single week. As to the first incident, she was convicted following a jury trial on June 15-16, 2009, of two counts of violation of OCGA § 40-6-271 (duty of a driver on striking an unattended vehicle). The second incident resulted in her conviction (after a jury trial on June 8-9, 2009) of hit-and-run (OCGA § 40-6-270) and following too closely (OCGA § 40-6-49). Following a consolidated hearing, the trial court denied her motion for new trial in both cases. Acting pro se, she appeals in Case Nos. A11A1864 (concerning the first incident) and A11A1865 (as to the second incident), asserting insufficiency of the evidence, ineffective assistance of counsel, and other errors. We have consolidated these appeals for disposition, and we affirm in both cases.

As a threshold matter, we address the deficiencies in Sevostiyanova's appellate briefs, which fail to comply with our Rule 25. We note that appellant's election to proceed with her appeal pro se does not excuse her from compliance with the substantive and procedural requirements of the law.[1] She has enumerated 18 errors in Case No. A11A1864 and 16 errors in Case No. A11A1865, with several enumerations containing a number of subdivisions; and in her argument she raises a number of other alleged errors. Many of her

---

[1] See *Salazar v. State*, 256 Ga. App. 50, 53 (4) (567 SE2d 706) (2002).

claims of error are not supported by citations to the record or to authority, nor are they supported by reasoned argument; therefore, in accordance with Court of Appeals Rule 25 (c) (2), they are deemed abandoned, as set forth below. Her failure to adhere to our rules has hampered our ability to ensure that all her alleged errors are addressed; nonetheless, we will review her claims of error to the extent we can, "based on what we perceive [her] arguments to be."[2]

On appellate review of a criminal conviction,

> we view the evidence in the light most favorable to the verdict and an appellant no longer enjoys the presumption of innocence. This Court determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), and does not weigh the evidence or determine witness credibility.[3]

To establish a claim of ineffective assistance, Sevostiyanova must satisfy a two-part test. She "must show that counsel's performance was deficient and that the deficient performance so prejudiced [her] that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different."[4] In order to show that counsel's performance was deficient, appellant "must overcome the strong presumption that trial counsel's conduct falls within the broad range of reasonable professional conduct."[5] Further, "[f]ailure to satisfy either component of this test is fatal to an ineffectiveness claim[; and] the court need not address both components if the defendant has made an insufficient showing on one of them."[6] On appellate review of the trial court's ruling, "[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts."[7]

*Case No. A11A1864*

1. Sevostiyanova challenges the sufficiency of the evidence to support her convictions under OCGA § 40-6-271. OCGA § 40-6-271

---

[2] (Citation and punctuation omitted.) *Cameron v. State*, 295 Ga. App. 670 (1) (673 SE2d 59) (2009).

[3] (Citations omitted.) *Rankin v. State*, 278 Ga. 704, 705 (606 SE2d 269) (2004).

[4] (Citations omitted.) *Robinson v. State*, 277 Ga. 75-76 (586 SE2d 313) (2003), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

[5] (Citation omitted.) *Robinson*, supra at 76.

[6] (Footnotes omitted.) *Brown v. State*, 309 Ga. App. 511, 517-518 (4) (710 SE2d 674) (2011).

[7] (Citation and punctuation omitted.) *Robinson*, supra.

(a) requires a driver, upon striking an unattended vehicle, to stop and provide his or her name and address, as well as that of the owner of the striking vehicle, to the owner or operator of the vehicle struck, either "then and there" or by leaving a note conspicuously placed on the struck vehicle. Subsection (b) of this Code section makes it a misdemeanor to fail to provide this information.

Properly viewed, the record reflects that on July 14, 2007, appellant struck two separate unattended vehicles in the parking lot of an Atlanta Bread Company restaurant: a BMW driven by Davilon Hunter and a Ford F-150 pickup truck driven by Allen Powers. Both victims testified at trial that they saw the collisions occur through the restaurant window; that they ran outside to find that their vehicles had been damaged; and that they saw the driver of the striking vehicle leave the scene without speaking to either of them or leaving a note and without providing any contact information. Powers gave the license tag number of the offending vehicle to the Cobb County police officer who responded to the scene. The police later determined that the tag was issued to a Wade Ford rental car, rented on that day to appellant. Sevostiyanova testified at trial, admitting that she was driving in the parking lot at the time in question, but denying that she collided with any other vehicles.

Sevostiyanova appears to argue that the evidence is insufficient because her version of the events differs from that of the state's witnesses. However, the jury chose to believe the state's witnesses, which it was authorized to do. "It was the jury's role to assess the credibility of the witnesses, resolve any conflicts in the evidence, and arrive at a determination of the facts."[8] The evidence adduced at trial and summarized above, viewed in the light most favorable to the verdict, was amply sufficient for a rational finder of fact to find Sevostiyanova guilty beyond a reasonable doubt of the charges against her, under the standard set forth in *Jackson v. Virginia*.[9]

2. Sevostiyanova contends that her convictions should be reversed because certain evidence, including photographs of her rental car, the BMW, and the pickup truck, was not introduced at trial. She additionally claims error because evidence of a severe "microburst" rainstorm was not introduced. These enumerations present nothing for our review. Sevostiyanova has not shown that this material was ever offered in evidence at trial or that the trial court ruled as to its admissibility. This Court may not consider on appeal matters that were neither raised nor ruled on below. "We do not consider issues

---

[8] (Punctuation and footnote omitted.) *Rayner v. State*, 307 Ga. App. 861, 867-868 (4) (706 SE2d 205) (2011). Accord *Rankin*, supra.

[9] Supra.

raised for the first time on appeal, because the trial court has not had opportunity to consider them."[10]

Moreover, we reject appellant's claim that her trial counsel performed deficiently in failing to introduce this allegedly exculpating evidence. At the new trial hearing, trial counsel testified that she consulted extensively with Sevostiyanova before and during the trial and that the exculpatory evidence described by appellant was unavailable at the time of trial (the photographs of the truck's tailgate); was irrelevant to the issues at trial (the photographs of the rental car, taken only after the second incident, not after the incident in the instant case); or was actually harmful to the defense (the expert witness placed the microburst far from the location at issue).

> [D]ecisions regarding . . . what evidence to introduce are matters of trial strategy and tactics and are within the exclusive province of counsel after consultation with the client. Indeed, such tactical decisions provide no grounds for reversal unless they are so patently unreasonable that no competent attorney would have chosen them.[11]

The trial court did not err in determining that counsel's performance fell "within the broad range of reasonable professional conduct"[12] and did not constitute ineffective assistance of counsel.

3. Appellant asserts that the nolle prosequi of Count 2, which was entered as part of a negotiated plea on June 25, 2008, could not be reopened and that she could not be tried on this count after she withdrew her nolo plea. We disagree.

The collisions at issue here occurred on July 14, 2007. Sevostiyanova was subsequently charged by accusation with two misdemeanor counts of striking an unattended vehicle (Count 1, as to the BMW; and Count 2, as to the Ford F-150).[13] As part of a negotiated plea deal, Sevostiyanova pled nolo contendere on Count 1 and the state nol prossed Count 2. On March 9, 2009, the court permitted her to withdraw her nolo plea, and the case was put on the jury trial calendar for April 9, 2009. On June 15, 2009, the morning of trial, the parties amended the original accusation to strike out the "NP" (nolle prosequi) next to Count 2 and to show that Sevostiyanova

---

[10] (Citation and punctuation omitted.) *In the Interest of S. P.*, 282 Ga. App. 82, 84 (2) (637 SE2d 802) (2006). Accord *Jones v. State of Ga.*, 249 Ga. App. 64, 67 (2) (547 SE2d 725) (2001).

[11] (Punctuation and footnotes omitted.) *Buis v. State*, 309 Ga. App. 644, 647-648 (710 SE2d 850) (2011).

[12] *Robinson*, supra.

[13] Appellant was also charged with one count of driving without insurance (Count 3) and one count of no proof of insurance (Count 4). The state nol prossed Counts 3 and 4 after it determined that appellant had valid insurance at the time of the incident.

"pleads not guilty to Counts one and two June 15, 2009."[14] The case then proceeded to trial before a jury on June 15-16, 2009. Thus, the state could prosecute Count 2 under the amended accusation, because it was amended before the expiration of the two-year statute of limitation.[15]

*Carlisle v. State*,[16] cited by appellant, does not require a contrary result. In that case, the defendant entered a plea to four counts of an indictment, and the state nol prossed seven other felony counts. Subsequently, the defendant successfully challenged the voluntariness of her plea in a habeas proceeding.[17] Our Supreme Court ruled that the state could not revive the nol-prossed counts because they were outside *both* the statute of limitation *and* the saving provision of OCGA § 17-3-3.[18] The Court explained that the state is "permitt[ed] to return a new indictment within the applicable statute of limitation, or within six months after the entry of the nolle pros *if that occurs later*."[19] In the case before us, the accusation was amended within the statute of limitation. This enumeration fails.

4. Sevostiyanova contends that her convictions should be reversed because she was never formally arraigned on the two misdemeanor counts of striking an unattended vehicle. However, the record shows that Sevostiyanova waived formal arraignment as to these charges on June 11, 2008. After the accusation was amended on June 15, 2009, Sevostiyanova entered a "not guilty" plea to Counts 1 and 2, thus again waiving formal arraignment.[20] Moreover, Sevostiyanova voiced no objection to the alleged lack of arraignment before or at trial. "Any error in the lack of arraignment was waived by [her] failure to raise the issue prior to verdict."[21] Even if there had

---

[14] Sevostiyanova also entered a not guilty plea on a "dummy" accusation incorporating Counts 1 and 2, labeled a "supplemental accusation for purposes of juror deliberation," which was prepared so that the jury would not see the original nolo plea on Count 2 and the nol-prossed Counts 3 and 4.

[15] See OCGA § 17-3-1 (d) ("Prosecution for misdemeanors must be commenced within two years after the commission of the crime").

[16] 277 Ga. 99 (586 SE2d 240) (2003).

[17] Id. at 100.

[18] Id. at 101, citing OCGA § 17-3-3 ("If an indictment is found within the time provided for in [OCGA §] 17-3-1 . . . , and is quashed or a nolle prosequi entered, the limitation shall be extended six months from the time the first indictment is quashed or the nolle prosequi entered").

[19] (Emphasis supplied.) *Carlisle*, supra, citing *Kyles v. State*, 254 Ga. 49, 50-51 (326 SE2d 216) (1985) (the six-month period referenced in OCGA § 17-3-3 operates as an extension, rather than a limit, on the otherwise applicable limitation period). Accord *Davis v. Wilson*, 280 Ga. 29 (622 SE2d 325) (2005).

[20] See *McBride v. State*, 213 Ga. App. 857, 860 (9) (446 SE2d 193) (1994) (defendant waived right to formal arraignment on subsequent accusation by entering not guilty plea); *Staples v. State*, 209 Ga. App. 802, 806 (7) (434 SE2d 757) (1993).

[21] (Footnote omitted.) *Flores v. State*, 308 Ga. App. 368, 371 (2) (707 SE2d 578) (2011).

been no waiver, "procedural errors occurring at the arraignment stage are subject to a harmless error analysis,"[22] and appellant has failed to show harm in this case. As trial counsel testified at the hearing on the motion for new trial, she and Sevostiyanova were well aware of and discussed the charges against her.[23] This enumeration presents no basis for reversal.

5. Sevostiyanova asserts reversible error in the trial court's denial of her request for a continuance, made on the day of trial. "A motion for continuance is addressed to the sound discretion of the trial court, OCGA § 17-8-22, and the trial court's exercise of discretion will not be reversed on appeal without a showing of manifest abuse of that discretion."[24] We find no abuse of discretion here.

(a) Appellant sought the continuance on the ground that her expert witness, whom she expected to testify to weather conditions at the time in issue, was not available and she needed to find another witness. The trial court denied the motion, noting that the charges were long-standing; the case had been on the trial calendar for months; and the state's witnesses were present and ready to testify. In light of the fact that Sevostiyanova's trial counsel was appointed some months before the trial, the record does not demand a finding that she exercised diligence.[25] Moreover, appellant made no showing as to the expert's identity, no proffer of his expected testimony, and no showing of how that testimony would benefit her. "Where there is no indication that a continuance would have benefitted the defendant, there is no showing of necessity and no abuse of discretion."[26]

(b) Appellant argues that her counsel provided ineffective assistance by not filing a written motion for continuance, both on the ground of the necessary expert witness and on the ground that the nolle prosequi had been opened as to Count 2. However, she has not shown that a written motion would have resulted in the grant of the continuance. Thus, she has not shown ineffective assistance in this regard. And as discussed above, the trial court did not abuse its discretion in denying counsel's motion for continuance.

---

Accord *Spear v. State*, 270 Ga. 628, 632 (5) (513 SE2d 489) (1999).

[22] (Footnote omitted.) *Flores*, supra.

[23] See *Clark v. State*, 138 Ga. App. 266, 271 (7) (226 SE2d 89) (1976) (the purpose of arraignment is to put defendant on notice as to the charge against which he must defend), disapproved on other grounds, *Walker v. State*, 146 Ga. App. 237, 244-245 (3) (246 SE2d 206) (1978) (whole court).

[24] (Citation omitted.) *Strickland v. State*, 212 Ga. App. 170, 172 (3) (441 SE2d 494) (1994).

[25] See id. at 172 (3) (a); OCGA § 17-8-20 ("In all cases, the party making an application for a continuance must show that he has used due diligence").

[26] (Punctuation and footnote omitted.) *Holloway v. State*, 278 Ga. App. 709, 712 (2) (629 SE2d 447) (2006).

(c) Appellant further appears to argue that her trial counsel provided deficient representation by not placing the expert witness under subpoena. For the reasons discussed in Division 2 above, counsel's decision not to call this witness falls within the category of reasonable trial tactics and strategy and therefore does not support a claim of deficient performance, nor has appellant made any attempt to proffer this witness's testimony or to show that the absence of this testimony prejudiced the defense.[27]

6. Sevostiyanova asserts that the presence of state witnesses Hunter and Powers in the courtroom during pre-trial argument on her motion in limine, in which she attempted to exclude a statement made by the investigating officer in the companion case, was prejudicial and constituted reversible error. Sevostiyanova has cited no authority in support of this enumeration, however, nor has she directed us to any evidence in the record which would indicate that the witnesses were not truthful on the stand or that their testimony was in any way influenced by their presence in the courtroom at this time. The error, if any, has been abandoned, as provided in Court of Appeals Rule 25 (c) (2).

7. Without citing authority, appellant asserts that reversible error occurred when the responding officer gave false testimony. However, she cites no affirmative evidence showing that the officer perjured himself while testifying.[28] Thus, she has failed to meet the standard for setting aside a verdict resting on perjury.[29] Further, her trial counsel thoroughly cross-examined the officer at trial.[30] This enumeration is meritless.

8. Sevostiyanova contends that the sentence she received upon her conviction constituted cruel and unusual punishment in violation of the federal and state constitutions.[31] Appellant has not shown that this error was raised in the trial court; therefore, she has waived

---

[27] See *Herrington v. State*, 285 Ga. App. 4, 6 (c) (645 SE2d 29) (2007).

[28] See *Bass v. State*, 309 Ga. App. 601, 605 (2) (710 SE2d 818) (2011).

[29] See *Harris v. State*, which sets out the rule for setting aside a verdict based on perjured testimony:

Provision is made for setting aside verdicts resting on perjury, but there must first be a conviction. The only exception to the rule against setting aside a verdict without proof of a material witness'[s] conviction for perjury, is where there can be no doubt of any kind that the [s]tate's witness'[s] testimony in every material part is purest fabrication.

(Citation omitted.) 272 Ga. App. 650, 652 (3) (613 SE2d 170) (2005).

[30] See *Bass*, supra.

[31] Appellant was sentenced on Count 1 to 12 months, with 30 days to serve in confinement and the balance on probation (to run consecutive to the sentence imposed in Case No. A11A1865); a $300 fine; and payment of $1,000 restitution to the circuit defender (same restitution as in Case No. A11A1865). The conditions of probation included "no driving," "no moving violations," and "find a job." No sentence was imposed on Count 2.

736

appellate review of this alleged error, for the reasons set forth in Division 2 above. Even had review not been waived, however, it is without merit. The trial judge's sentence in this case was within the limits of the law,[32] and thus it will not be set aside on the ground that the sentence imposed is excessive and the punishment cruel and unusual.[33]

9. Sevostiyanova challenges the trial court's failure to give her requested charge on accident under OCGA § 16-2-2.[34] She argues that the collisions were the result of "accident" because of the severe rainstorm that allegedly occurred at that time. However, the defense of accident is an affirmative defense,[35] which "is a defense that admits the doing of the act charged but seeks to justify, excuse, or mitigate it."[36] Thus, "if a defendant does not admit to committing any act which constitutes the offense charged, [she] is not entitled to a charge on the defense of accident."[37] In the case before us, Sevostiyanova repeatedly denied striking any vehicle in the Atlanta Bread Company parking lot. The trial court did not err in refusing to give the requested charge on accident.

10. Appellant asserts error in the trial court's denial of her motion for new trial and related motions. She lists a number of instances of alleged error in the trial court's conduct of the hearing on her motion for new trial, but she has not cited any authority or made any rational argument in support of this enumeration of error, in contravention of Court of Appeals Rule 25 (c) (2). We therefore deem this enumeration of error abandoned.

11. Sevostiyanova asserts that the trial court erred in rejecting her claim of ineffective assistance of counsel. However, she has failed to meet either prong of the ineffective assistance test.[38] Therefore,

---

[32] Misdemeanors, including misdemeanor traffic violations, are punishable by a fine not to exceed $1,000 or up to 12 months in jail or both (OCGA § 17-10-3 (a) (1)); and the sentence imposed may be subject to probation (OCGA § 17-10-3 (b)). See *Harris*, supra at 653 (5). Moreover, "suspension of a defendant's driver's license after his conviction of a traffic-related offense is a reasonable condition of probation." *Brock v. State*, 165 Ga. App. 150, 151 (299 SE2d 71) (1983).

[33] See *Curtis v. State*, 102 Ga. App. 790, 800 (9) (118 SE2d 264) (1960). Accord *Harris*, supra. Further, the amount awarded as restitution was reasonable in light of the fact that appellant's trial counsel spent roughly 25 hours in preparation on this case and the companion case.

[34] OCGA § 16-2-2 ("A person shall not be found guilty of any crime committed by misfortune or accident where it satisfactorily appears there was no criminal scheme or undertaking, intention, or criminal negligence").

[35] *Griffin v. State*, 267 Ga. 586 (1) (481 SE2d 223) (1997); *Savage v. State*, 252 Ga. App. 251, 254 (2) (556 SE2d 176) (2001).

[36] (Citations and punctuation omitted.) *Kelley v. State*, 235 Ga. App. 177, 179 (1) (509 SE2d 110) (1998).

[37] (Citations omitted.) *Savage*, supra.

[38] See *Brown*, supra at 517 (4). Accord *Robinson*, supra at 75-76.

this enumeration fails.

(a) Sevostiyanova claims that her trial counsel, Victoria Aronow, was inexperienced and unqualified to defend her in a criminal trial. The record does not support this contention. Aronow had practiced as a prosecutor for more than nineteen years and as a defense attorney for more than five years. Further, trial counsel's experience or lack thereof does not, by itself, support either prong of an ineffective assistance claim; on the contrary, a successful ineffectiveness claim must be based upon specific errors made by counsel, rather than upon trial counsel's experience or lack thereof.[39]

(b) Sevostiyanova further asserts that Aronow failed to investigate and prepare for her case and that she failed to interview witnesses. At the new trial hearing, however, Aronow testified that she met with appellant multiple times, spoke to witnesses, investigated the case, and spent "at least" 25 hours in pre-trial preparation. The trial court was authorized to find that Sevostiyanova failed to establish deficient performance in this regard.[40] Further, appellant does not address how additional communications with counsel or with witnesses would have had a reasonable probability of changing the outcome of her trial, and therefore she has not shown prejudice.[41]

(c) Sevostiyanova contends that Aronow was ineffective in consenting to bond conditions which Sevostiyanova found irksome. Appellant has cited no authority, nor have we found any, which supports her contention that a claim of ineffective assistance of trial counsel can be based on bond conditions imposed on a defendant during appeal of a criminal conviction. Moreover, although Aronow testified at the new trial hearing, appellant did not question her as to whether she actually consented to the bond conditions. Nor has appellant shown prejudice — that is, a reasonable likelihood that without Aronow's consent the bond conditions would have been less onerous.

(d) Sevostiyanova claims ineffective assistance because trial counsel failed to subpoena the truck driver's insurance company, in order to show that he attempted to file a false claim for repair of the truck's tailgate. But she has not shown that such evidence was available, that it was relevant to the charges against her, or that it would have aided her defense. This enumeration fails.

(e) Appellant's remaining enumerations asserting ineffective assistance are deemed abandoned because they are not supported by argument or by citations to the record or to relevant authority, as

[39] *Kelly v. State*, 267 Ga. 252, 254 (2) (477 SE2d 110) (1996).
[40] See *Henry v. State*, 279 Ga. 615, 616 (3) (619 SE2d 609) (2005).
[41] See id.

required by our Rule 25 (c) (2). We further note that, to the extent these claims involve trial counsel's decisions as to whether to object to testimony, to introduce evidence, or to request a particular jury charge, they concern matters of trial tactics and strategy. Decisions concerning these matters, taken "after thorough investigation and client consultation, are virtually unchallengeable and do not require a finding of ineffective assistance of counsel."[42] Further, even if counsel's performance were deficient in any of the respects named by Sevostiyanova, she has failed altogether to show prejudice and, therefore, has not established her claim of ineffective assistance.[43]

12. Sevostiyanova asserts that she could not be prosecuted because the offenses were not committed in the presence of a police officer and the victims in this case did not desire prosecution or sign the warrant, in violation of "Policy 5.11 (III. Legal Categories of Arrest) (B) (3)" of the "Cobb County Arrest Procedures." However, appellant has not shown, nor does our review of the record anywhere reveal, that these rules appear in the record either as a certified copy or as part of the record at trial,[44] nor has appellant shown that she raised this alleged error in the court below or that the trial court ruled thereon. Therefore, this issue presents nothing for our review, as discussed in Division 2 above.

13. In her last enumeration of error, appellant asserts that she was denied counsel for her appeal. This assertion is not supported by the record. After her trial, attorney Louis Turchiarelli was appointed to represent her on appeal, and he filed pleadings on her behalf. However, Sevostiyanova, acting pro se, moved to terminate him from representing her, citing "major disagreements between Defendant and Counsel" and stating that henceforth she would represent herself pro se. She has not shown that she ever moved for new appellate counsel to represent her; therefore, for the reasons discussed in Division 2 above, she has not preserved this alleged error for our review. Even if she had preserved this error, an "indigent criminal defendant does not have an absolute right to discharge one court-appointed counsel and have another substituted in his place. A request of this sort addresses itself to the sound discretion of the trial court."[45] Our review of the record and transcript leads us to conclude that, even assuming it was requested to do so, the trial court did not abuse its discretion in refusing to appoint Sevostiyanova a second attorney for purposes of this appeal.

---

[42] (Citations omitted.) *Schwindler v. State*, 254 Ga. App. 579, 589 (10) (563 SE2d 154) (2002).

[43] See *Robinson*, supra at 77 (2).

[44] See *Vansant v. Cobb County Police Dept.*, 151 Ga. App. 220 (1) (259 SE2d 205) (1979).

[45] (Punctuation omitted.) *Garrett v. State*, 159 Ga. App. 27 (282 SE2d 683) (1981).

## Case No. A11A1865

14. In Case No. A11A1865, Sevostiyanova challenges the sufficiency of the evidence to support her convictions for following too closely and hit-and-run. We conclude that the evidence adduced at trial was sufficient to authorize the jury to find her guilty of both the offenses charged beyond a reasonable doubt, under the standard set forth in *Jackson v. Virginia*.[46]

Properly viewed, the record reflects that on July 18, 2007, Sevostiyanova rear-ended a Honda driven by Patricia Themolis. The victim testified that she felt appellant's vehicle hit her car twice; that both parties got out of their cars; and that she observed "a crack" in her rear bumper, which she pointed out to appellant. Appellant returned to her car, ostensibly to retrieve her driver's license, but she never showed it to Themolis. Themolis suggested that the two women pull over to the side of the road "for [their] safety and [to] exchange information." Themolis pulled over, but Sevostiyanova drove "straight through the light" without providing any identifying information whatsoever. Themolis noted the tag number of the departing vehicle and called the police. Sevostiyanova testified at trial, admitting that she struck Themolis's vehicle, but denying that there was any damage.

Sevostiyanova argues that the evidence was insufficient to show the knowledge element of hit-and-run. Under subsections (a) (1) and (2) of OCGA § 40-6-270, the driver of a vehicle involved in an accident resulting in damage to another vehicle is required to stop at the scene and to provide the driver of the other vehicle with certain personal information, including his name, address, and vehicle registration number, and to show his driver's license. OCGA § 40-6-270 (a) further provides that "[t]he driver shall in every event remain at the scene of the accident" until he has fulfilled the requirements of this subsection; and subsection (c) (1) of this Code section imposes misdemeanor punishment upon a driver who "knowingly" fails to stop and provide the required information. "To prove the knowledge element of the offense, it is not absolute and positive knowledge which must be shown, but rather only that the circumstances were such that a reasonable person would have believed that an accident had occurred resulting in death, damage or injury to another."[47] Thus, "the [s]tate is not required to prove actual damage, because this is not the appropriate statutory test."[48] The victim testified that appellant hit her car; her car was damaged; she

---

[46] Supra.
[47] (Citation omitted.) *Dalton v. State*, 286 Ga. App. 666 (650 SE2d 591) (2007).
[48] Id.

showed appellant the damage to her car; and appellant left without giving the information required. The jury was authorized to find that Sevostiyanova "knowingly" failed to comply with OCGA § 40-6-270.[49]

As to her conviction for following too closely, Sevostiyanova apparently contends that because the victim's vehicle was stopped at a traffic light, and neither vehicle was stopped or slowed to make a turn, she was not "following" the victim's vehicle within the meaning of OCGA § 40-6-49 (d).[50] However, this subsection merely defines one possible way of "following." It is not exclusive. OCGA § 40-6-49 (a) defines the offense of "following too closely" as follows: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway." Sevostiyanova testified that as she approached the victim's vehicle, the edge of her shoe caught between the gas and brake pedals and caused her to strike the victim's car; and she contends that therefore she was not following "more closely than is reasonable and prudent." But what is "reasonable and prudent" within the meaning of OCGA § 40-6-49 (a) is a question for the jury;[51] and the jury found against Sevostiyanova in this regard, as it was authorized to do.

15. Immediately before trial, the parties prepared a "dummy" accusation to be sent out with the jury, in order to redact Count 2 (failure to report accident), which had been nol prossed by the state, and to show only the hit-and-run and following-too-closely counts. After the trial in this case, the dummy accusation was filed by the clerk, due to a clerical error; and in order to correct this error, the state subsequently entered a nolle prosequi as to the dummy accusation.

Appellant contends that the state's nol pros of the dummy accusation automatically reversed the judgment and sentence against her. We reject this argument. The erroneous filing of the dummy accusation and the nol pros thereof were without effect and void and therefore had no effect on appellant's convictions.

16. Sevostiyanova apparently argues that because she was issued Uniform Traffic Citations (UTCs) at the traffic stop following the collision, the state was somehow barred from filing a formal accusation charging new violations. This argument fails. First, Sevosti-

---

[49] See *McKay v. State*, 264 Ga. App. 726, 728 (1) (592 SE2d 135) (2003).

[50] OCGA § 40-6-49 (d) ("Vehicles which approach from the rear any other vehicle . . . stopped or slowed to make a lawful turn shall be deemed to be following for purposes of this Code section").

[51] *Lesh v. State*, 259 Ga. App. 325, 327 (577 SE2d 4) (2003).

yanova has not shown that this issue was raised and ruled on below; therefore, for the reasons discussed in Division 2 above, appellate review has been waived. Second, even if the issue had not been waived, the differences between the charges made in the UTCs and the charges set forth in the accusation "do not affect the accusation's validity."[52] As this Court has explained,

> [i]t is not true that a prosecution must proceed upon the uniform traffic citation form that has initially been issued or that the prosecuting attorney has no authority to file a subsequent formal accusation. The [s]tate is not prohibited from issuing a subsequent accusation. The subsequent issuance of a formal accusation did not amend the uniform traffic citation, as contended by defendant. Rather, such accusation superseded any uniform traffic citation as the charging instrument.[53]

17. Appellant asserts that her convictions must be reversed because she was never formally arraigned. The record reflects that, as to the charge of following too closely, appellant waived formal arraignment at least twice. Then, as to both charges, she waived formal arraignment by entering a plea of not guilty on June 8, 2009. Therefore, for the reasons discussed in Division 4 above, this enumeration fails.

18. Sevostiyanova apparently contends that Count 1 of the accusation was fatally defective because it did not use the word "knowingly" in alleging hit-and-run in violation of OCGA § 40-6-270. However, appellant waived any objection to the form of the accusation by signing the charging document and entering a not guilty plea at the beginning of trial.

> The right to be tried upon an accusation that is perfect in form and in substance is waived when a defendant fails to timely and properly challenge the accusation. Because [Sevostiyanova] failed to challenge the accusation by way of special demurrer or by filing a motion to quash before entering her [not] guilty plea, she waived the right to a perfect accusation.[54]

---

[52] See *Smith v. State*, 239 Ga. App. 515, 517 (2) (521 SE2d 450) (1999).

[53] Id., citing *Ellerbee v. State*, 215 Ga. App. 102, 104 (3) (449 SE2d 874) (1994). See also OCGA § 17-7-71 (f), which since its amendment in 2002 allows the prosecutor to amend accusations and citations to allege any offense arising out of the same conduct which gave rise to the offenses originally alleged. See Ga. L. 2002, p. 627, § 2.

[54] (Citation and punctuation omitted.) *Beaver v. State*, 308 Ga. App. 380, 381 (1) (707

Even had appellant not waived this alleged error, it is without merit. The accusation charged appellant with a violation of OCGA § 40-6-270, because she "did unlawfully being the driver of a motor vehicle . . . involved in an accident resulting in damage to another vehicle . . . leave the scene of the accident and failed to give the other driver her name, address, and registration number of her vehicle, and failed to exhibit her driver's license to another." The term "unlawfully" in the accusation, with reference to the appropriate Code section, "sufficiently included the intent to commit the criminal act and the knowledge necessary to form such intent."[55] Appellant could not admit the allegations of Count 1 and remain innocent of the charge alleged therein. Thus, a general demurrer to the accusation would not lie.[56]

19. Sevostiyanova challenges the instructions given to the jury in several respects. We find no error.

(a) Appellant contends that the trial court erred in instructing the jury that the state is not required to prove actual damage in a hit-and-run accident. We disagree. The instruction given, considered as a whole, accurately described the state's burden with regard to knowledge, as discussed in Division 14 above.

(b) Appellant argues that certain language from *Lawrence v. State*[57] and *Tapes & Things v. Evans*[58] should have been given as instructions to the jury. However, the language cited by appellant is not adjusted to reflect the law and the evidence,[59] and the trial court therefore had no sua sponte duty to charge this language.[60] In *Lawrence*, the defendant stopped after the collision and found no damage, although the impact had caused the tag to fall off the struck vehicle. Because the victim did not complain of any damage, and "the only asserted harm [to the vehicle] was superficial," we concluded that this evidence was insufficient to support a conviction for

---

SE2d 590) (2011).

[55] (Citations omitted.) *Tidwell v. State*, 216 Ga. App. 8, 10 (1) (453 SE2d 64) (1994).

[56] See *State v. Pendergrass*, 298 Ga. App. 801, 802-803 (1) (681 SE2d 241) (2009) (an indictment is good if the defendant cannot admit all the facts alleged therein and remain innocent).

[57] 257 Ga. App. 592 (571 SE2d 812) (2002) (physical precedent only). Appellant refers to the following language from this opinion: "Where . . . the evidence shows that the person who caused the collision stopped and found no damage and that the only asserted harm was superficial, there is no civil liability to avoid, and the statutory requirement serves no purpose." Id. at 594.

[58] 133 Ga. App. 705 (212 SE2d 31) (1975). Appellant refers to the court's language setting out two ways to prove civil damages to a motor vehicle caused by a collision. Id.

[59] See *Hill v. State*, 259 Ga. 557, 558 (3) (b) (385 SE2d 404) (1989) ("A request to charge must be legal, apt and precisely adjusted to some principle involved in the case and authorized by the evidence") (citation and punctuation omitted).

[60] See *Haupt v. State*, 290 Ga. App. 616, 619-620 (2) (a) (660 SE2d 383) (2008) (the trial court must adjust its jury charge to reflect the law and the evidence).

misdemeanor hit-and-run.[61] By contrast, in the case sub judice, the victim both observed and showed to Sevostiyanova visible damage from the impact. The referenced language from *Tapes & Things*[62] is also inappropriate in the case before us, because proof of actual damages is not necessary in a hit-and-run case, as discussed in Division 14 above.

(c) Appellant challenges the jury charge based on OCGA § 40-6-49 (d). The judge charged the jury on OCGA § 40-6-49 (a) and then explained the term "following" by its charge on OCGA § 40-6-49 (d). "A charge on a [C]ode section in its entirety is not error where a part thereof is applicable and it does not appear that the inapplicable part misled the jury or erroneously affected the verdict."[63] Further, contrary to appellant's contention, there was no variance between the accusation and the proof at trial on this count.

(d) Appellant also alleges reversible error because a comma was inadvertently added to the state's requested charge on OCGA § 40-6-49 (d). This error, if any, was harmless because the trial court read the charges aloud and the jury did not see the written charge.

(e) Appellant contends that the trial court's charge on the following-too-closely count was error because it imposed "strict liability" as to the hit-and-run count. However, it is clear from a reading of the entire charge that the court distinguished between these two counts. Even if we were to assume that this charge was error, "an erroneous charge does not warrant a reversal unless it was harmful and, in determining harm, the entirety of the court's jury instructions must be considered."[64] The charge, when considered in its entirety, fairly instructed the jurors that knowledge is an element of the hit-and-run count. Thus, the error, if any, was harmless.

20. Sevostiyanova claims ineffective assistance of trial counsel Aronow. She has failed to establish this claim.

(a) In her brief, appellant has reiterated ineffective assistance claims made in the companion case based on counsel's alleged inexperience and failure to prepare the case, and the bond conditions imposed. These claims fail for the reasons set forth above in Division 11 (a), (b), and (c).

(b) Sevostiyanova claims ineffective assistance in counsel's failure to request the pattern jury charge on knowledge. However, trial counsel did request a legally sufficient jury charge on knowledge, and

---

[61] *Lawrence*, supra at 593-594.

[62] Supra.

[63] (Citation and punctuation omitted.) *Jones v. State*, 310 Ga. App. 705, 709 (c) (713 SE2d 895) (2011).

[64] (Punctuation and footnote omitted.) *Roberts v. State*, 309 Ga. App. 681, 684 (2) (710 SE2d 878) (2011).

this charge was given to the jury. Appellant has not shown either part of the ineffectiveness test.

(c) Sevostiyanova contends that she received ineffective assistance because her trial counsel did not interview the state's witnesses or the victim's insurance company. However, Aronow testified at the new trial hearing that she talked with the police officers prior to trial and that she spoke to representatives from the insurance company involved. Because the damage caused by the collision was in the thousands of dollars, Aronow concluded that presenting testimony from the insurance company was not in appellant's best interest, and she informed Sevostiyanova of these conversations "ten, fifteen — maybe twenty times." Sevostiyanova has failed to show either deficient performance or prejudice in this regard.

(d) Sevostiyanova's remaining assertions of ineffective assistance are not supported by argument, citation to authority, or reference to the record. Therefore, these enumerations are deemed abandoned under our Rule 25 (c) (2). We further note that these enumerations would not support a claim of ineffectiveness, for the reasons set forth in Division 11 (e) above.

21. Appellant asserts that her Fourth Amendment rights were infringed by the accusation charging following too closely and hit-and-run. However, she has abandoned this enumeration by failing to support it with argument or citation to the record or to authority, as required by our Rule 25 (c) (2).

22. In her brief, Sevostiyanova reiterates the following enumerations made in the companion case: that her sentence violated the constitutional ban on cruel and unusual punishment; that the trial court erred in denying her motion for new trial and related motions; and that she was improperly denied appellate counsel. These enumerations fail for the reasons set forth above in Divisions 8, 10, and 13, respectively.

*Judgments affirmed. Dillard and Boggs, JJ., concur.*

DECIDED JANUARY 12, 2012 —
RECONSIDERATIONS DENIED JANUARY 27, 2012 —

Ekaterina Sevostiyanova, *pro se.*
*Barry E. Morgan, Solicitor-General, Christopher S. Lanning, Kevin D. Bradberry, Assistant Solicitors-General*, for appellee.