# Court of Appeals
# of the State of Georgia

ATLANTA,  January 16, 2015

*The Court of Appeals hereby passes the following order:*

**A15A0638.  EKATERINA SEVOSTIYANOVA v. THE STATE.**

In 2009, Ekaterina Sevostiyanova was convicted of several traffic offenses, including hit-and-run and following too closely, which arose out of two separate traffic incidents.  Sevostiyanova was sentenced to 12 months' probation.  We affirmed her convictions on appeal.  See *Sevostiyanova v. State*,  313 Ga. App. 729 (722 SE2d 333) (2012).  In 2013, Sevostiyanova filed a motion to modify her sentence and a motion to acquit based on newly discovered evidence.  In an order dated September 18, 2013, the trial court denied both motions.  Sevostiyanova filed a notice of appeal.

Under OCGA § 17-10-1 (f), a court may modify a sentence during the year after its imposition or within 120 days after remittitur following a direct appeal, whichever is later.  *Frazier v. State*, 302 Ga. App. 346, 347-348 (691 SE2d 247) (2010); *Burg v. State*, 297 Ga. App. 118 (676 SE2d 465) (2009). Once this statutory period expires, as it had here when Sevostiyanova filed her motion, a trial court may modify a sentence only if it is void.  *Jones v. State*, 278 Ga. 669, 670 (604 SE2d 483) (2004).  A sentence is void only if it imposes punishment that the law does not allow. *Von Thomas v. State*, 293 Ga. 569, 572 (2) (748 SE2d 446) (2013). Sevostiyanova does not contend that her sentence is void.  Rather, she contends that her sentence should be modified due to her back condition.  This is not a valid void sentence claim.

Sevostiyanova's motion to acquit based on newly discovered evidence is a challenge to her convictions, which have already been affirmed on appeal.  The Supreme Court has made clear that a post-conviction motion seeking to vacate an allegedly void criminal conviction is not one of the established procedures for

challenging the validity of a judgment in a criminal case, and an appeal from the trial court's ruling on such a petition should be dismissed. See *Roberts v. State*, 286 Ga. 532 (690 SE2d 150) (2010); *Harper v. State*, 286 Ga. 216, 218 (1) (686 SE2d 786) (2009). Because Sevostiyanova is not authorized to collaterally attack her conviction in this manner, we lack jurisdiction to consider this appeal.

Even if the trial court had construed Sevostiyanova's motion as an extraordinary motion for new trial based on newly discovered evidence, we would lack jurisdiction to review this case. An order denying an extraordinary motion for new trial may only be appealed by discretionary application. See OCGA § 5-6-35 (a) (7). Accordingly, for all of the foregoing reasons, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,*_____01/16/2015_____
    *I certify that the above is a true extract from*
*the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court*
*hereto affixed the day and year last above written.*

_____ *, Clerk.*